## SUPREME COURT.

JAMES L. BALDWIN, respondent, agt. GEORGE L. BROWN, appellant.

Where the plaintiff recovered a judgment of $50 damages against the defendant and $8.05 costs, before a justice of the peace, and the defendant appealed to the county court, specifying in his notice of appeal that the damages should have been for $5, and the costs of the justice, instead of $50:

Whereupon the plaintiff served an offer allowing the judgment to be corrected by being entered for $35, instead of $50, damages in his favor, which offer the defendant did not accept; and on the trial of the appeal in the county court, the plaintiff recovered $25 damages, *held* that the *plaintiff was entitled to costs.*

Had the defendant accepted the offer of the plaintiff, he would have been entitled to a judgment against the plaintiff for costs and disbursements before the justice of $20.05, which would have been more favorable to him than the reduction of the offer on the trial to $10.

*Erie General Term, November,* 1868.

*Before* MARVIN, LAMONT, DANIELS *and* BARKER, *Justices.*

ON the 17th day of April, 1867, the plaintiff, Baldwin, recovered against the defendant, Brown, a judgment of $50 damages and $8.05 costs, before a justice of the peace of the county of Erie.

The defendant appealed to the county court, specifying in his notice of appeal the particular in which he claimed the judgment should have been more favorable to him, stating that the damages should have been for $5.00 and the costs of the justice, instead of $50.00.

Whereupon the plaintiff served an offer, in writing, allowing the judgment to be corrected by being entered for $35.00 damages instead of $50.00 damages in his favor.

The defendant did not accept the proposed offer. The action was afterwards tried in the county court and a verdict rendered for the defendant.

Plaintiff moved in that court for a new trial upon a case and exceptions which was denied. The plaintiff then ap-

pealed to the general term of the supreme court and there obtained an order for a new trial.

On a second trial in the county court a verdict in favor of the plaintiff for $25.00 was rendered on the 29th day of May, 1868.

Both parties claimed to be entitled to costs and presented their bills to the clerk for taxation.

The clerk taxed costs to the plaintiff, and refused to tax the bill of the defendant.

On motion the county court set aside the taxation, and ordered the clerk to tax costs in favor of the defendant.

From this order of the Erie county court the plaintiff now appeals to this court.

WM. H. GURNEY, *for appellant.*

FRANK R. PERKINS, *for respondent.*

*By the court,* LAMONT, J. The plaintiff's offer in writing to allow the justice's judgment to be corrected by being reduced from $50.00 to $35.00 damages, entitles him to the costs of the litigation, unless it can be shown that the final recovery in the county court is more favorable to the defendant than was the plaintiff's offer. (*Code, sec.* 371; *Reed* agt. *Moore,* 31 *How.* 264; *Wallace* agt. *Patterson,* 29 *id.,* 170.)

The final verdict in the county court was in plaintiff's favor for $25.00 only. If we merely compare the two sums, the plaintiff's offer and his final recovery, the figures show that the vervict was more favorable to the defendant than the offer, by the sum of $10.00.

I am convinced, however, that the offer, in cases of this kind allowed to be tendered by section 371 of the Code, must be held to embrace all its necessary legal consequences and must be regarded as favorable, or unfavorable to the opposite party, tested by a rule that covers all its attendant advantages and disadvantages. Whatever occurs from such

an offer in money upon its acceptance is in reality parcel of the offer, attached to it by force of law.

The same section of the Code, which permits such offer to be made, also provides that if the offer be made and accepted by the appellant, the appellant shall recover all his disbursements on appeal and all his costs in the court below. It further provides that whenever costs are awarded to the appellant he shall be allowed to tax, as part thereof, the costs and fees paid to the justice on making the appeal as disbursements, in addition to the costs in the appellant's court, and when the judgment in the suit before the justice was against such appellant, he shall further be allowed to tax the costs incurred by him, which he would have been entitled to recover in case the judgment below had been rendered in his favor (*Code, sec.* 371). The papers submitted show the sums to which the appellant would have been entitled on his accepting the offer in this case to be $8.05, the costs paid the justice, included in the judgment below, $2.00 paid the justice for making his return to the county court, and $10.00 defendant's costs before the justice, in all $20.05, for which the defendant on accepting the offer made him was entitled to a judgment to be entered in the Erie county court. (*Ponto* agt. *Phelps*, 36 *How.*, 19.)

If, then, the plaintiff's offer in effect tendered to the defendant what he would have been legally entitled to have by its acceptance, he would have been better off had he accepted the offer made than he now is with the verdict against him for $25.00.

This result is reached without computing interest on the offer from the time it was made, for the action being founded in tort, a trespass on the plaintiff's real estate, interest is not to be added. (*Smith* agt. *May*, 32 *How.*, 222.)

It follows that the clerk was correct in taxing costs in favor of the plaintiff. The order of the county court of Erie county, setting aside the clerk's taxation and directing the clerk to tax costs in favor of the defendant, must be reversed.