## ANDREW J. BLETCH
### *v.*
## ASBURY F. JOHNSON.

1. SERVICE OF PROCESS — *in ejectment.* Where service of the declaration in ejectment is sought to be made under the latter clause of the 11th section of the ejectment act, it is essential that the return should show that a copy of the declaration and the notice were left at the dwelling house of the defendant. It is not enough to state that they were left with the wife of the defendant, being a white person over the age of ten years.

2. The return should show, also, when the service was made. If no month is named in the return, when the copy was delivered, the omission will be fatal.

3. The return should be sufficiently complete to show when and how service was made; otherwise, the court cannot determine whether the defendant has had proper notice of the commencement of the suit.

4. Nor has the court power to indulge in presumptions to aid a defective return.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of ejectment, commenced in the court below, at the April Term, 1857, by Asbury F. Johnson against Andrew J. Bletch.

The return of service was as follows:

" STATE OF ILLINOIS,  
　IROQUOIS COUNTY. 

" *Josiah T. Baker* being duly sworn, deposes that he did, on the 9th day of　　　　, A. D., 1857, that I did deliver to the wife of Andrew Bletch, being a white person over the age of ten years, Andrew Bletch, the defendant in this cause, a true copy of the foregoing declaration and notice, in this county and State aforesaid."

A rule was entered requiring the defendant to plead within twenty days. The rule not being complied with, at the October Term, 1857, a default was taken against the defendant, and a final judgment entered, awarding the possession of the premises to the plaintiff. The defendant brings the case to this court upon writ of error, and presents the question whether the return of service is sufficient to support the default and final judgment against him.

Messrs. WOOD & LONG, for the plaintiff in error.

Messrs. COOPER & MOSS, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, which resulted in a judgment by default, and a recovery of the premises from defendant below. It is urged, as grounds of error, that the notice served upon plaintiff in error failed to state that, if he did not appear and plead, a judgment by default would be entered and the plaintiff would recover the premises. Why such an objection should be urged, we are at a loss to determine, as the notice does clearly and positively state that if he failed to appear and plead, a default would be entered and plaintiff would recover

the premises. This position is clearly against the record and is of course untenable.

The return of service, however, fails to state that the notice was left with a member of the family of plaintiff in error at his dwelling house. It states that the copy of the declaration and notice was left with the wife of plaintiff in error, and that she was a white person over the age of ten years. The eleventh section of the ejectment law requires that it shall be left at the dwelling house of defendant. This being a positive requirement of the statute, it is essential in such a case to a sufficient service that the return should show that it was made in conformity with the statutory requirements.

It also appears from the return that it fails to show when the service was made. No month is named when the copy was left with the wife of plaintiff in error. For aught that appears, the service may have been made prior to a previous term of the court, and if so, it was calculated to mislead plaintiff in error. The return should be sufficiently complete to show when and how service was made. Failing in this, the court cannot determine whether the defendant has had proper notice of the commencement of the suit. Nor has the court power to indulge in presumptions to aid a defective return. It is a sufficient service or appearance which gives the court jurisdiction of the person of the defendant, and until it is acquired the court can have no power to render judgment against him.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*