Steinmetz v. Signer.

*R. C. Gregory*, for appellant.

———————◇———————

STEINMETZ v. SIGNER.

NOTICE—TIME.—Notice to appear before a court of conciliation on "*Tuesday* the 18th of *May*," did not require the defendant to appear on the 19th of *May*, which was *Tuesday*.

APPEAL from the *Ripley* Common Pleas.

FRAZER, J.—The only question in this record is, whether the court below erred in rendering judgment against the appellant, who was defendant below, for costs. The action was for assault and battery, in which the plaintiff recovered $25 damages.

The decision depends upon the answer to be given to the question, whether a notice to appear before the court of conciliation on *Tuesday*, *May* 18th, required the defendant to appear on the 19th day of *May*, which *was Tuesday*.

An action of this class, if it has merit enough in it to justify a verdict for $25, or any other sum, must, in the judgment of all right-thinking men, be regarded as justly entitled to the same favorable consideration which ought to be accorded to any other suit of equal magnitude, and in which the plaintiff is in the right. The law abhors trifles, but we think it would be difficult to show that an actual injury to the person or the good name of a citizen

is less important than the refusal to pay the most trifling sum of money due on contract; or that less protection ought to be afforded, by the law, to the first and most important of the natural rights of an individual, his personal security, than to that, which is of infinitely less consequence to him, his mere property. It seems, however, that our legislation, so far as civil remedies are afforded, makes a discrimination between a man and his property, which recognizes the property as being somewhat more sacred than its owner. If a lawless neighbor injure the property of another by violence, the courts of justice are wide open, and suit can be brought the next hour, and damages and costs will be given; but if a violent blow be inflicted upon a man, breaking his limb, he can not ordinarily sue at once, except upon the condition that he shall not recover costs. That the property will sell in the market and the man will not, will never be regarded as a good reason for this distinction.

We have made the foregoing comment upon the statute upon which the appellant relies, as affording a reason satisfactory to ourselves, for holding, as we do, that that statute should receive a very liberal construction in favor of plaintiffs.

By the statute, the notice must specify the *time* at which the defendant is required to appear before the court of conciliation. Now, there was no such time as *Tuesday, May* 18th. If the day of the month is disregarded, then the notice becomes entirely uncertain, for there were several *Tuesdays* in that month, and nothing to designate which one was meant. But "*May* 18th" would be certain, and we should not hesitate to reject the day of the week as surplusage, and hold the notice sufficient to require the defendant to appear on the 18th. This would be going as far as we could go without virtually disregarding the statute, and that we can not do. But it will not do to say that the notice should also be held sufficient for the 19th of *May*. To do that would be to disregard the only

indication of definite time which it contains, and leave the defendant to uncertain conjecture as to what was required of him. This would be a total disregard of the statute. There are only two positions concerning the matter which can be maintained with any show of reason; the one is, that the notice is wholly defective for stating an impossible day; the other, that it is sufficient for *May* 18th; and exercising the greatest liberality in favor of the notice, we adopt the latter. It happens unfortunately, however, that this does not in this case, help the plaintiff, the court of conciliation having been held on the 19th of *May*.

The judgment against the defendant below for costs, is reversed; cause remanded, with directions to the court below to modify its judgment accordingly. Costs here against the appellee.

*Charles N. Shook*, for appellant.