# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF UTAH.

## MILLER v. ZEIGLER.

WHERE THE RELATION OF PRINCIPAL AND SURETY EXISTS BETWEEN TWO JOINT MAKERS of a promissory note, the surety to whom the note has been assigned by blank indorsement can not, as an indorsee, sue his principal. His remedy is for money paid to the use of his principal.

SUMMONS, SUFFICIENCY OF.—A summons in an action for a definite sum of money, which, after describing with sufficient accuracy the nature of the action and the amount claimed, concludes with a notice to the defendant that in case of a failure to answer "the plaintiff would apply to the court for the relief demanded in the complaint," is sufficient on an appeal from a judgment by default.

SUMMONS, SERVICE OF.—The service of summons on a defendant, by service of a copy of the summons "attached to a true and correct copy of the complaint," is a sufficient service to give the court jurisdiction to enter a judgment by default thereon. In such case defendant will not be permitted to object for the first time in an appellate court that he has not been served with process. His remedy is by motion in the court below.

COSTS, WHAT JUDGMENT WILL CARRY.—A judgment for one hundred dollars or more, in an action for the recovery of money or damages, will carry costs. Section 476 of the civil practice act was intended to apply to all cases other than those mentioned in section 473.

APPEAL from the first district court. The complaint, among other things, alleged that the note sued upon was

assigned in blank and delivered to plaintiff. There was no allegation that plaintiff had ever paid the note. The appeal is from a judgment by default. The other facts appear in the opinion.

*Higbee & Smith*, for the appellant.

The complaint is insufficient to support the judgment: 2 Kent's Com. 617; Sedgwick on Damages, 367, 368; *Humphy v. Crane*, 5 Cal. 175; 9 Id. 557; *McDermott v. Mitchell*, 53 Id. 617; 23 Id. 64. The summons was fatally defective, and was never legally served: Civ. Pr. Act, sec. 26; 2 Cal. 24; 8 Id. 625; *Lyman v. Milton*, 44 Id. 633; Civ. Pr. Act, sec. 29; 8 Cal. 568; 11 Id. 378; 12 Id. 100; 35 Id. 299; 43 Id. 387; *Kibbe v. Benson*, 17 Wall. 624.

*Richards & Williams*, for the respondent.

Cited *Ellsworth v. Lockwood*, 42 N. Y. 97; 65 Id. 557; 17 Conn. 586; 46 Mo. 557; 23 Pa. St. 294; Civ. Pr. Act, secs. 4, 5.

TWISS, J.:

The plaintiff was surety for and joint maker with the defendant on an instrument, of which the following is a copy: "$100.                    OGDEN, January 27, 1880.

" On the 31st day of January, eighteen hundred and eighty, without grace, for value received, we promise to pay in United States currency, at the banking-house of J. E. Dooley & Co., Ogden, Utah, to J. E. Dooley & Co., one hundred dollars, together with interest thereon from date until paid, at the rate of two per cent per month, payable monthly in currency; said interest if not paid as it becomes due is to be added to the principal, and become a part thereof, and bear interest at the same rate as the principal. And for a valuable consideration we further promise to pay all costs, including fees of attorneys as counsel in any action or proceedings instituted for the collection of this note or the enforcement of this covenant.                                        A. K. ZEIGLER.
                                                       "R. C. MILLER."

On the back of this paper are the following words: "Without recourse, J. E. Dooley & Co."

The complaint has the usual allegations of an action by an indorsee of a negotiable promissory note against the maker thereof, and a further clause, claiming an attorney's fee of twenty-five dollars, and prayer for judgment for one hundred and eight dollars, and an attorney's fee of twenty-five dollars, and costs.

The summons, after stating that if defendant should not appear at the time therein required judgment by default would be taken against him, according to the prayer of the complaint, had the following: "The said action is brought to recover the sum of one hundred and eight dollars due from you to the plaintiff on a promissory note assigned from J. E. Dooley & Co. to the said plaintiff, and for costs of suit; and you are hereby notified that if you fail to appear and answer the said complaint, as above required, the plaintiff will apply to the court for the relief demanded therein."

Summons was issued, and the sheriff returned thereon "that he had served said summons by delivering to the defendant a copy of said summons attached to a true and correct copy of said complaint."

The defendant not appearing, there was judgment by default for the sum of one hundred and eight dollars, and plaintiff's costs and disbursements incurred, amounting to the sum of twenty-nine dollars and forty cents, from which the defendant appealed.

Among other things, the appellant claims: 1. That the summons was fatally defective, inasmuch as it did not contain the statutory clause, "that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint;" 2. That there was no service of the summons upon the defendant, for the reason that the return did not show that defendant was served with a "certified copy" of the complaint attached to the summons; 3. That there was error in allowing and including in the judgment costs for plaintiff; the amount recovered being less than three hundred dollars.

The appellant earnestly insists that in this position he is sustained by section 476 of the civil practice act, providing, as he claims, that the district court has no authority to allow costs in an action for the recovery of money or damages

wherein the plaintiff recovers less than three hundred dollars. The language of the last clause of this section is strong, and if considered by itself, disconnected with any other statutory provision, would certainly seem to be conclusive; but when considered in connection with section 473, we do not hesitate to say that the construction claimed by the appellant can not be sustained. Section 473 provides that costs shall be *allowed of course* to the plaintiff upon a judgment in his favor, when "in an action for the recovery of money or damages he recovers one hundred dollars or over." This clause considered by itself is quite as strong and emphatic as the language in section 476 relied upon. But if we consider both of these clauses with the first part of section 476, and there find in express terms that in other actions than those mentioned in section 473 "costs may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides, in the discretion of the court," we are forced under the rules of construction recognized by courts of law to give such construction to these sections as will allow both of them to stand in full force; and as the plaintiff recovered judgment for more than one hundred dollars, the court did not err in allowing judgment for costs: Sedgwick on Stat. and Const. Law, 2d ed., 199–201, note *a*, 203, note *a*, 309, note *a*, and cases there cited; *State of Nevada* v. *Rogers*, 10 Nev. 319.

The provisions of section 476 apply to cases other than to those included in section 473, and to none that are.

If in a suit in equity asking for an order or decree appointing a receiver and directing a final settlement of partnership affairs, and that the balance of partnership accounts found due to the plaintiff be paid to him, and upon accounting there should be found due to the plaintiff a less sum than three hundred dollars, then such and similar cases, where no greater sum is found due, would be within the provision of section 476, and judgment for costs should not be allowed.

The summons was defective, inasmuch as it did not include the notice required by the first clause of section 26 of the civil practice act, "that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint." But it did contain a description of the plaintiff's

debt and demand, with sufficient accuracy to inform the defendant of the nature of the debt and action and the amount claimed, with a notice that if he should fail to appear and answer the complaint at the time required therein the plaintiff would apply to the court for the relief demanded in the complaint. This was a substantial compliance with the statute: *Brown* v. *Eaton*, 37 How. Pr. 385; *Cobb* v. *Decker*, 19 Id. 164.

In the sheriff's return he certifies that he has served the summons, by delivering to and leaving with the defendant a copy of said summons "attached to a true and correct copy of said complaint." The copy of the complaint attached to the copy of the summons has upon it a certificate of the clerk of the court, that it "is a full, true, and correct copy of the original complaint."

If there was any defect or informality in this return, it should have been called to the attention of the court by motion, as provided for in section 29 of the civil practice act. Upon this return of service, the defendant should not be permitted to sit quietly by and see judgment against him by default, and then in the appellate court successfully ask that judgment be reversed, for the reason that there was no service upon him.

The objections to the summons and the officer's return of service thereof are not sufficient to deprive the court of jurisdiction. By section 29 of the civil practice act provision is made for taking objection, by motion, to the summons or the service thereof, or proof of service thereof.

For these reasons, the judgment of the district court is sustained as to the objections made to the summons and the sheriff's return thereon. But it will be reversed on other grounds.

There is nothing in the complaint indicating the time of the assignment of the contract or note to the plaintiff, but the arguments of counsel on both sides assumed that it was made, and the debt paid by the respondent to Dooley & Co. after it became due, and before this action was commenced.

Assuming that the paper upon which this action is based is a negotiable promissory note, then upon its face it imports an indebtedness from Zeigler and Miller to Dooley & Co.; and the fact that it is in the hands of the respondent implies

that it has been paid, and the obligation evidenced thereby canceled. But the respondent, because of this payment, claims to be subrogated to the rights of the payee of the note, and brings suit as the indorsee thereof. Can he recover in this form of action?

Upon the failure of the appellant to pay the debt at the time it became due, the respondent became liable therefor to Dooley & Co. as a joint original promisor, according to the terms of the contract. He therefore, upon his payment of the debt, can rely upon a promise implied by law for its repayment to him by his principal, the defendant in this action; his payment was not voluntary, but one he was obliged to make—one which the law would enforce against him, with costs of suit. The payment of the debt named in the contract, upon an implied request of the defendant, and the promise implied by law of repayment, give him a right of action against the respondent for money paid to the use of the respondent; and this is the remedy upon which he should rely. We know of no rule or principle of law which authorizes the plaintiff, even though he be surety for his co-maker, to bring suit against his co-maker and principal as an indorsee of a promissory note that has been paid. No authority has been cited, and we have found none, authorizing this mode of procedure: 1 Parsons on Contracts, 5th ed., 470; *Wright* v. *Carlinghouse,* 26 N. Y. 539; *Norton* v. *Coons,* 3 Denio, 130; *Gibbs* v. *Bryant,* 1 Pick. 118.

For this reason the case is reversed and remanded.

HUNTER, C. J., and EMERSON, J., concurred.