PATRICK WOODS *vs.* MIECZYSLAS J. BRZEZINSKI AND ANOTHER.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In a suit brought before a justice of the peace the return day was the second day of February, but the copy left with the defendant in service was so badly written that he could not tell whether the figure was "2d" or "3d." The third however was Sunday, and the defendant could easily have ascertained the day intended by a careful reading of the whole copy or by inquiry of the officer or the magistrate. Held that the defendant was bound to take reasonable measures to ascertain the day intended.

The defendant did not appear on the return day and judgment was rendered against him by the justice upon default. Upon a suit brought by him for an injunction against the levy of the execution issued on the judgment, it was held that it ought not to be granted.

Where a first execution is found to be so defective as to be invalid, it may be treated as void, and another issued.

And where a second execution is issued the omission of the statement that it is an *alias* execution, does not invalidate it.

[Argued June 14th—decided September 9th, 1889.]

SUIT for an injunction to restrain the levy of an execution; brought to the District Court of Waterbury, and heard before *Cowell, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*C. G. Root,* for the appellant.

*H. O'Flaherty,* for the appellees.

CARPENTER, J. A justice of the peace rendered a judgment against the plaintiff and issued an execution. The plaintiff brought this suit to restrain the levy of it. The court below rendered judgment for the defendants and the plaintiff appealed.

The first question arises under the plaintiff's claim that

he had no notice of the return day of the original suit. A copy of the complaint was duly left with the plaintiff. The return day was in fact on the second day of February, 1889. The copy was so badly written that he could not tell whether it was the second or third day. By comparing it with other parts of the copy he could have told. Besides the third was on Sunday. He made no effort to ascertain the correct day until after the judgment was rendered.

The court found that the complaint was properly served, and that the defendant in the suit was guilty of negligence in not trying to ascertain the return day if he was in doubt. This is assigned as a reason of appeal.

The ruling of the court was clearly right. The plaintiff was bound to take reasonable measures to ascertain the return day. A careful reading of the copy would have told him, especially as the third was Sunday. Inquiry of the officer, or a letter to the justice, would have obtained the desired information. Common prudence suggests that some such measure should have been taken.

The refusal to hear evidence as to the merits of the plaintiff's defense at the time when it was offered was not objectionable. That was only material in case there was no service. As there was service he had allowed the time for making his defense to go by.

The execution was against the body of the plaintiff. It commanded the officer to arrest the body of the plaintiff and " dispose of the same according to law." The officer who had it to serve, and each of the parties to it, with his counsel, met and discussed, among other things, the validity of the execution. When they separated the plaintiff was allowed to go his own way. That execution was returned or destroyed, and the justice, without noticing it or referring to it, issued another. Before the officer could serve that further proceedings were arrested by this suit and an injunction.

On the trial below a question was made whether there was an arrest under the first execution ; and if there was, it was claimed that the second was illegal and would not

justify an arrest. The court overruled that claim, and that is assigned as error. The court finds that there was in fact no arrest. It is unnecessary to consider what would have been the legal consequences if an arrest had been made.

The fact that in issuing the second execution the first was not noticed is of no consequence. If the first was so defective as to be illegal, as claimed, then it was properly treated as void. If not void, still the omission to notice or to state that the second was an *alias*, did not invalidate the second.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.