[No. 6997.  Decided January 9, 1908.]

CHRISTINA McLEAN, *Respondent*, v. LESETTE E. LESTER
et al., *Appellants*.[1]

TAXATION — FORECLOSURE — SUMMONS — SUFFICIENCY. Upon the foreclosure of a tax certificate, a summons by publication which fails to state the year of the date of the first publication is too indefinite and uncertain to authorize a judgment of default.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 9, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the

[1] Reported in 93 Pac. 208.

court without a jury, in an action to vacate a tax judgment. Affirmed.

*William C. Keith,* for appellants.

*Ira A. Campbell,* for respondent.

MOUNT, J.—This action was brought by the respondent to set aside a judgment foreclosing a delinquent tax certificate and also a tax deed based thereon. Upon a trial a judgment was entered as prayed for in the complaint. The defendants appeal.

It is necessary to notice but one of the questions presented, because upon that question alone the judgment appealed from must be affirmed. It appears that, in the proceedings to foreclose the delinquent tax certificate, service was attempted to be made upon the defendants by publication. No other service was made. The summons as published in that case notified the defendants "to appear within sixty days after the date of the first publication, to wit, within sixty days after the 23d day of December, in the above named court, and defend this action or pay the amount due, together with costs, and in case of your failure so to do the plaintiff will apply for a judgment foreclosing the lien of said taxes and costs against the real property above described. G. W. Tracie, plaintiff. Daniel Lamson, attorney for plaintiff. Room 9 Roxwell Block, City. First publication December 23,—7t." Upon this summons a judgment of default was entered, and the lot in question sold. The summons did not state the year when the defendants in that action were required to appear. Under repeated rulings of this court this summons was too indefinite and uncertain to base a judgment of default upon. *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606, and cases there cited.

Appellants argue that the date of the newspaper and the fact that the certificate of delinquency was issued in the year 1904, are sufficient to make the summons definite. The date

of the newspaper is no part of the summons, nor does the fact that the certificate of delinquency was issued in the year 1904 necessarily show that the case was brought in that year. The summons itself should state the time within which the defendants were required to appear. It did not do so, and was therefore insufficient.

The judgment appealed from must therefore be affirmed.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.