520          SUPREME COURT OF UTAH.          [Sept.

Reese v. Judges of Dist. Ct. of Salt Lake Co., 52 Utah 520.

REESE v. JUDGES OF DISTRICT COURT OF SALT
LAKE COUNTY.

No. 3260.   Decided Sept. 20, 1918.   (175 Pac. 601.)

1. PROCESS—PROOF OF SERVICE—NECESSITY.  Where action was begun by service of summons, as provided by Comp. Laws 1907, section 2938, on June 22d, and complaint was filed in district court July 2d, but no proof of service of summons was filed at that time or prior thereto, the court acquired no jurisdiction, in view of section 2946.   (Page 521.)

2. STATUTES — CONSTRUCTION—INTENT.   Language of Comp. Laws 1907, section 2946, being unambiguous, it is not necessary to resort to anything but the ordinary rules of construction to determine intent of law-making body.   (Page 522.)

3. STATUTES—CONSTRUCTION—DUTY OF COURT—UNAMBIGUOUS STATUTE.  The Legislature having the unquestioned power and right to determine procedure by which courts may acquire jurisdiction of parties, it is the duty of the Supreme Court to give effect to the plain meaning of the language used in Comp. Laws 1907, section 2946.   (Page 522.)

Application by E. William Reese for a writ of prohibition against the Judges of the District Court of Salt Lake County, prohibiting that court from proceeding further in an action therein pending, wherein W. E. Maddison and others are plaintiffs and the applicant and another are defendants.

Peremptory writ granted.

*G. M. Sullivan* for plaintiff.

*J. J. Whitaker* for defendants.

GIDEON, J.

F. William Reese, plaintiff here, makes application to this court for a writ of prohibition against the judges of the district court of Salt Lake county, prohibiting that court from proceeding further in an action therein pending wherein W.

E. Maddison et al. are plaintiffs and the said Reese and one
other are defendants. The facts out of which this proceed-
ing grew are as follows:

On the 2d day of July, 1918, complaint was filed in the dis-
trict court by the plaintiffs, Maddison et al., against Reese
et al., but no summons or proof of service of summons was
filed with the clerk at that time or prior thereto. It appears
from the application for the writ, and the facts stated there-
in are admitted, that on the 22d day of June, 1918, summons
was served in said action upon the plaintiff, Reese, in Salt
Lake county, Utah, by a private citizen, Thomas F. Fowler;
but no return was made thereon, and neither the summons
nor the return was filed with the clerk of the court within
10 days thereafter, and the same was not filed on the 2d day
of July, the date of filing of the complaint. Thereafter, on
the 12th day of July, 1918, the plaintiff here, by counsel,
made a special appearance in the action, objected to the juris-
diction of the court, and moved that the court dismiss the
action, on the ground that it was without jurisdiction over the
said plaintiff. On the day following (the 13th of July) the
plaintiff, Maddison, filed with the clerk of the court and
served notice upon the attorney for Reese of his intention to
ask the court for an order permitting him to file the sum-
mons and return, and supported the same with an affidavit.
That motion came on for hearing on the 8th day of August,
1918, and the plaintiff was permitted to file summons and
proof of service of summons, and the court denied said
motion to dismiss the action, and in effect held that that
court had jurisdiction and would proceed to determine the
issues in the case. Thereupon plaintiff applied to this court
for a writ of prohibition.

A determination of the question presented on this applica-
tion requires the construction of section 2946, Comp. Laws
Utah 1907. That section, so far as material here, is as fol-
lows:

"Within ten days after service of the summons, the
complaint, if not previously filed, together with the
summons and proof of service thereof, must be filed in the

office of the clerk of the court in which the action is brought.
At the same time, one copy of the complaint shall be de-
posited with the clerk for the defendants in each county in
which the summons shall have been served, unless a copy
thereof was served with the summons in each of such coun-
ties. * * *"

There are two methods provided by section 2938 of the
Code of Civil Procedure for beginning actions in this juris-
diction: (1) By filing the complaint with the clerk of the
court in which the action is brought; and (2) by the service
of summons. The service of summons on the plaintiff on the
22d day of June was the beginning of an action, and if the
provisions of section 2946 have been complied with the court
acquired jurisdiction of the defendants in that action. It
will be observed by a reading of that section that to give the
court jurisdiction of the parties the plaintiff must, within 10
days after the service of summons, file the complaint, if not
previously filed, together with the summons and proof of
service thereof, with the clerk of the court in which the
action is brought. The Legislature seems to have required
the filing of the complaint and the summons and proof of
service thereof as a prerequisite to giving the court jurisdic-
tion of the parties.

The language of section 2946 is unambiguous, and it is
not necessary to resort to anything but the ordinary rules of
construction to determine just what was the intent of the
law-making body. That body having the unquestioned
power and right to determine the procedure by which     2, 3
courts could acquire jurisdiction of the parties, it is
the duty of this court to give effect to the plain meaning of
the language used by the Legislature. The sentences re-
quiring the filing of the complaint, summons and proof of
service are conjunctive, and if the court could acquire juris-
diction by failure to file the summons and proof of service,
it could likewise acquire jurisdiction upon the failure to file
the complaint within the time specified, and could, upon
proper showing, permit it to be filed at any reasonable time.

No one would contend that the section is susceptible of that construction.

The defendants contend that the above construction is in conflict with a former ruling of this court in *Lime & Stone Co. v. Danley et al.*, 38 Utah, 218, 111 Pac. 647. An examination of that case, however, will readily show that the question decided there is not involved here. In that case it was held that the failure of the plaintiff to file copies of the complaint for the defendant with the clerk of the court, at the time of filing the complaint, the summons, and the proof of service, did not deprive the court of jurisdiction of the parties, and the plaintiff should be permitted to file such copies upon reasonable showing made to the court within reasonable time. The section in question does not undertake, as I construe it, to make the deposit of a copy of the complaint a prerequisite to giving the court jurisdiction; but it clearly does make the filing of the complaint with the summons and proof of service thereof, within the time specified, necessary in order to give the court jurisdiction. The filing of the complaint, summons, and proof of service is for the benefit of the court; that is, to advise it of the claim or contention of the plaintiff, also as to whether the proper notice has been served upon the defendant to bring the defendant into court. But the filing of the copy of the complaint is not for the court's information or benefit, but for the information and benefit of the defendant.

The decision in the case above cited is not controlling, nor in conflict with the conclusions here reached. Under the plain requirements of the statute, there seems to be no escape from the conclusion that the plaintiff herein is entitled to the relief sought.

It is therefore ordered that the peremptory writ prayed for herein issue. Costs of the proceeding to be taxed against plaintiff.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.