COLUMBIA TRUST CO. v. STEINER et al.

No. 4620. Decided May 10, 1928. (267 P. 788.)

Heber J. Steiner, in pro. per.

Peter Vogelaar, of Salt Lake City, for respondent.

CHERRY, J.

From a judgment by default in favor of the plaintiff in an action to foreclose a mortgage on real property, the defendant appeals, contending that the court had no juris-

diction of his person by reason of no valid service of summons upon him. The proof of service of summons relied upon to support the judgment consists of an affidavit, signed and sworn to on December 30, 1926, and attached to the summons, as follows:

"George P. Tinges, being first duly sworn, deposes and says that he is over the age of 21 years and not a party to or interested in the above-entitled action; that he received the within and hereto annexed summons on the 29th day of December 1926; that he served the said summons upon Heber J. Steiner, the defendant, by delivering to Mrs. Sophia R. Steiner, wife, a true copy of said summons on the 29th day of December, 1926, in the city of Salt Lake, county of Salt Lake, state of Utah, and that he knew the said Heber J. Steiner mentioned in the summons; that on the copy of the summons so served he indorsed the date and place of service and added his name thereto."

Appellant, by a timely and special appearance in the trial court, moved against the service of summons as against him, but was overruled. He made no other or further appearance, and judgment by default was taken against him.

Complied Laws Utah 1917, §6540, authorizes a summons to be served by the sheriff of the county "or by any other person over twenty-one years of age and not a party to the action." Section 6548 requires the summons to be served by delivering a copy thereof "to the defendant personally, or by leaving such copy at his usual place of abode with some suitable person of at least the age of fourteen years." Section 6552 required proof of service when made by any person other than the sheriff to be by "his affidavit thereof, showing place, time, and manner of service, that he knew the person served to be the defendant mentioned in the summons, and left with as well as delivered to him a copy; and if the defendant was not personally served, he shall state in such affidavit, when, where, and with whom such copy was left."

The service of summons in this case, as shown by the affidavit or proof of service, is defective and insufficient in

at least three respects: First, the affidavit fails to show that the person making the service was of qualified age when the service was made; his affidavit that he was of qualified age at a subsequent time when he made the proof being insufficient. *Maynard* v. *MacCrellish,* 57 Cal. 355; *French* v. *Ajax Oil & D. Co.,* 44 Wash. 305, 87 P. 359. Second, the affidavit fails to show that the copy of summons served was delivered to the defendant personally or left at his "usual place of abode," as required by the statute. This requirement is important and compliance therewith necessary to vaild service. *Barwick* v. *Rouse,* 53 Fla. 643, 43 So. 753; *Laney* v. *Garbee,* 105 Mo. 355, 16 S. W. 831, 24 Am. St. Rep. 391; *Robinson* v. *Miller,* 57 Miss. 237; *Bletch* v. *Johnson,* 35 Ill. 543; *Vaughn* v. *Brown,* 9 Ark. 20, 47 Am. Dec. 730; *Grant* v. *Lawrence,* 37 Utah 450, 108 P. 931, Ann. Cas. 1912C, 259. Third, it does not appear from the affidavit that the copy of summons was left with a "suitable person of at least the age of fourteen years," which the statute requires. Proof that a copy was left with defendant's wife is insufficient as not showing her age. *Barnett* v. *State,* 35 Ark. 501; *Davis* v. *Burt,* 7 Iowa 56; *Barwick* v. *Rouse,* 53 Fla. 643, 43 So. 753.

The affidavit fails to show a valid service of process upon appellant, for which reason the judgment against him cannot stand.

Judgment reversed. Apellant to recover costs.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.