THOMAS v. DISTRICT COURT OF THIRD JUDICIAL DIST. IN AND FOR SALT LAKE COUNTY et al.

No. 6911. Decided July 12, 1946. (171 P. 2d 667.)

See 50 C. J., Process, sec. 321; 42 Am. Jur., 15. Effect of defects of summons—wrong day of term, notes, 6 A. L. R. 848; 97 A. L. R. 751.

*Golden W. Robbins,* of Salt Lake City, for plaintiff.

*E. M. Morrissey,* of Salt Lake City, for defendants.

LARSON, Chief Justice.

Certiorari to the District Court of Salt Lake County to review the action of that court in refusing to quash service of summons in a cause pending in that court entitled "Kathleen Beth Thomas v. William B. Thomas." The background of the action is as follows: Kathleen Thomas as plaintiff commenced an action against William B. Thomas, as defendant in the District Court of Salt Lake County. One Peterson, a plain clothes police officer of the Salt Lake Police Department, served the summons upon the defendant in that action, plaintiff herein, on the 6th day of December 1945 as shown by his return of service, but did not endorse upon the copy of the summons left with defendant therein,

the date of service, nor did the officer sign his name or official title thereon. Since the policeman is not such officer as may serve a District Court summons by virtue of his office, the failure to sign his official title is not pertinent in the action. No date whatever appeared upon the copy of summons. Defendant therein, appearing specially, filed a motion to quash the service of summons. The district court denied the motion to quash and gave defendant two days after notice in which to plead. Defendant therein, William B. Thomas, brings the action here by certiorari, to review the action of the District Court on jurisdictional grounds. Hereinafter the defendant below, William B. Thomas, who brings this proceeding, will be referred to as plaintiff, and the adverse parties in this proceeding will be referred to as the Court.

The case here presents two questions:

1. Under the provisions of Section 104-5-7, Utah Code Annotated, 1943, if an officer, making personal service of a summons, fails to endorse upon the copy left with defendant the date of service and sign his name and official title thereto, and defendant timely on a special appearance moves to quash the service of summons, must such service be quashed?

2. Does the evidence sustain the holding of the court that Thomas refused to accept service of summons, and therefore the defective service was immaterial?

The conclusions we have come to require us to answer both questions.

1. Section 104-5-7, U. C. A. 1943 reads:

"Any officer, or other person authorized to serve a summons, who serves the same, shall, at the time of the service thereof, indorse upon the copy or copies of such summons which he shall deliver to the defendant or defendants in such action the date upon which the same was so served, and sign his name thereto, and add, if an officer, his official title."

The section is silent as to the consequences of failing to comply with its provisions. But another section provides the remedy. Section 104-5-10:

"Objection to the summons, or the service thereof, or proof of service thereof, may be taken by motion on behalf of the defendant, particularly specifying the objection, accompanied by the certificate of counsel that in his opinion the objection is well taken; after the filing and serving of such motion and certificate, the time for pleading shall be suspended until the motion is passed upon by the court."

The question therefore is: When the officer attempting service of the summons fails to comply with Section 7, and defendant meets the requirements of the Section 10, must the court quash the service? The particular question has never been before this court, but angles thereof (half-brothers and first cousins) have been examined. In *Columbia Trust Company* v. *Steiner*, 71 Utah 498, 267 P. 788, this court, on appeal, unanimously reversed a judgment because the trial court erred in not quashing the service of summons for defects in the affidavit of service.

We quote from that opinion:

"The service of summons in this case, as shown by the affidavit or proof of service, is defective and insufficient in at least three respects: First, the affidavit fails to show that the person making the service was of qualified age when the service was made; his affidavit that he was of qualified age at a subsequent time when he made the proof being insufficient. *Maynard* v. *MacCrellish*, 57 Cal. 355; * * * Second, the affidavit fails to show that the copy of summons served was delivered to the defendant personally or left at his 'usual place of abode,' as required by the statute. This requirement is important and compliance therewith necessary to valid service. *Barwick* v. *Rouse*, 53 Fla. 643, 43 So. 753; *Laney* v. *Garbee*, 105 Mo. 355, 16 S. W. 831, 24 Am. St. Rep. 391; *Robison* v. *Miller*, 57 Miss. 237; *Bletch* v. *Johnson*, 35 Ill. 542, 543; *Vaughn* v. *Brown*, 9 Ark. 20, 47 Am. Dec. 730; *Grant* v. *Lawrence*, 37 Utah 450, 108 P. 931, Ann. Cas. 1912C, 280. Third, it does not appear from the affidavit that the copy of summons was left with a 'suitable person of at least the age of fourteen years', which the statute requires. Proof that a copy was left with defendant's wife is insufficient as not showing her age. *Barnett* v. *State*, 35 Ark. 501; *Davis* v. *Burt*, 7 Iowa 56; *Barwick* v. *Rouse*, 53 Fla. 643, 43 So. 753.

"The affidavit fails to show a valid service of process upon appellant, for which reason the judgment against him cannot stand."

It would seem that such defects in the return of service, which could probably have been amended had application therefor been made, are not as vital as is the endorsement of time of service upon the summons, because the endorsement of the date of service is in effect a part of the summons as fixing the time in which defendant must appear. *Dolan* v. *Jones,* 37 Wash. 176, 79 P. 640. *Williams* v. *Pittock,* 35 Wash. 271, 77 P. 385.

Yet this court did not hesitate to quash that service and thereby reverse. In *Glasmann* v. *District Court,* 80 Utah 1, 12 P. 2d 361, this court held a service of summons void because entitled in the wrong court, although that defect was not raised in the motion to quash, and was raised the first time on appeal in this court, after argument and submission. And in *Wasatch Livestock Loan* v. *District Court,* 86 Utah 422, 46 P. 2d 399, this court voided a service of summons because it did not state whether or not the complaint had been filed in the clerk's office. See also *Farmers' Banking Co.* v. *Bullen,* 62 Utah 1, 217 P. 969. And from *Winters* v. *Hughes,* 3 Utah 443, 24 P. 759, we quote from the syllabus:

"A summons which fails to state the time and place at which a defendant is required to appear and answer the complaint filed against him is defective, and will be quashed upon motion interposed before appearance and plea."

And from the opinion we quote:

"The legislature has very wisely provided that the time shall be fixed in the notice for the appearance of the defendant. This is necessary to give him an opportunity to prepare for trial, and to inform him of the precise day on which he is to appear. The statute is peremptory and must be complied with * * *."

We have no hesitation in saying the court erred in overruling the motion to dismiss the writ. If defendant had appeared and pleaded without first interposing the motion, the case would be entirely different, but such was not the fact and his motion was well taken.

The Washington statute like ours provides that a summons recite that defendant "appear with _____ days after the service of this summons upon you." In *Bauer* v. *Widholm*, 49 Wash. 310, 95 P. 277, the court held a judgment void entered by default upon a summons, upon which was not endorsed the date of service, because the summons was so indefinite as to time of appearance as to render it defective and avoid the judgment. To the same effect is *Thompson* v. *Robbins*, 32 Wash. 149, 72 P. 1043; *McLean* v. *Lester*, 48 Wash. 213, 93 P. 208. An Iowa statute requires an officer making a levy of execution to endorse upon the writ the date and hour received and each act done thereunder with the date thereof. The court held each such endorsement must be made on the writ at the time the act was done or the levy was void. *Drake* v. *Brickner*, 180 Iowa 116, 163 N. W. 597. And in *Mullaney* v. *Cutting*, 175 Iowa 547, 154 N. W. 893, 895, the court said:

"Code, § 3965, requires all acts of the sheriff to be entered upon the execution at the time that the act is done. In a legal sense, there was no levy on the real estate, and could be none, until such fact was entered upon the execution. The result is that sale was actually had before legal levy was actually made." See also *Farmers' Savings Bank of Rhodes* v. *Mallicott*, 209 Iowa 335, 228 N. W. 272. For other cases, cousins to the present one, see *Steinmetz* v. *Signer*, 23 Ind. 386; *Wright* v. *Wilmot*, 22 Tex. 398; *Woods* v. *Brzezinski*, 57 Conn. 471, 18 A. 252; *Pendy* v. *Cole*, 211 Iowa 199, 233 N. W. 47; *Perry* v. *Perry*, 94 Vt. 487, 111 A. 632.

Where the statute requires that the copy be attested or certified, a service otherwise sufficient is defective when the copy served is not attested or certified, as required by the statute. 50 C. J. 484 and cases cited. Neither counsel have cited any case directly involving the point here presented, and our research has not revealed any such case, due largely to the differences in statutes with reference to the form of the Summons and the manner of its service. Many cases have turned off on the question as to the time and manner in which the validity of the service was raised. See annotations in 6 A. L. R. 841, 848; 97 A. L. R. 745, 751;

L. R. A. 1917C, 150; Ann. Cas. 1931A, 555 ff. Also 42 Am. Jur., Process, Secs. 15-19.

The Court relies primarily upon two cases from Puerto Rico, and cites *Santiago* v. *Municipal Court of Cagus*, 26 P. R. R. 266, and *Lorenzo* v. *Castillo Municipal Judge*, 22 P. R. R. 624. The first case is not remotely in point and the second case not in existence. The cases in the mind of counsel evidently are *Ortiz* v. *Municipal Judge of Coamo*, 26 Puerto Rico Reports 267, and *Llorens* v. *Castillo*, 22 P. R. R. 624. The latter case, first in time involved a statute requiring the person serving the summons to endorse upon the back of the copy "A literal copy of the service and its date as appearing on the original." Such endorsement was not made on the copy. The opinion says:

"The law should be complied with as far as possible, and when not impossible," and then reads: "We are of the opinion that the service of summons was really defective because the person serving it did not comply with the provisions contained in the second paragraph of Sec. 92."

That is the section requiring the endorsement of the copy. The court then goes on to say that because defendant did not attack the service until after judgment he could not then have the judgment set aside, citing *Lee* v. *Clark*, 53 Minn. 315, 55 N. W. 127, where it was held that where if a motion to set aside the service was made before judgment, it should be granted; *Creveling* v. *Moore*, 39 Mich. 563; *Low* v. *Mills*, 61 Mich. 35, 27 N. W. 877; *Mabbett* v. *Vick*, 53 Wis. 158, 10 N. W. 84.

In the Ortiz case the statute construed in the Llorens case had been amended almost identically with our statute. As in the Llorens case no attack was made on the service until after judgment, where it was contended the service was void and the judgment a nullity. The court held on the authority of the Llorens case that the question was raised too late, it should have been raised before judgment.

We have a statute, Sec. 104-5-10, supra, which in harmony with these cases, recognize and imply that when a defective

service of summons is timely attacked it should be quashed. It provides inter alia that objections to the service be taken by motion before pleading to the complaint. This section has been on the statute books for over seventy years. Comp. Laws 1876, p. 409. As early as 1880 this court held that under the statute defects of service must be timely raised by motion or it would be deemed waived. *Miller* v. *Zeigler*, 3 Utah 17, 5 P. 518. In *State Tax Comm.* v. *Larsen*, 100 Utah 103, 110 P. 2d 558, we held that defective service could be attacked by motion after default but not after pleading. What could be the purpose of providing by statute for a motion to quash service of summons for defects in the manner of service except to emphasize that the service must be made in the manner provided by statute, and unless so served it should be quashed. It seems evident that the manner of serving, including the endorsing of the copy left for defendant cannot be said to be less important than the recitals in this return of the person serving. And in *Columbia Trust* v. *Steiner*, supra, that a return which did not show a compliance with the statutory provisions regarding service was fatal to service, and motion to quash should be granted. We there held that a return showing copy left with the wife of defendant, but which did not contain a recital that the wife was "a suitable person over 14 years of age" rendered the service void.

There are a number of reasons besides the authorities, why the statute should be complied with, and why we should not announce or recognize the rule of—that it is not necessary to endorse the date of service on the copy of summons.

The date endorsed indicates the time within which defendant must appear. If the date is not endorsed the defendant would have no definite date fixed by the summons to appear. The statute directs that the server, at the time of service, *must* endorse on the copy of the date of service, and leave it with defendant. This enables the person served to check against the server the date, so the return will indicate a date different from the real date served. If summons is served in advance of filing complaint, and com-

plaint is not filed within ten days after service, the service of summons and filing of complaint are both void and the court should dismiss the action and require the plaintiff to begin all over again. Section 104-5-9 U. C. A. 1943; *Reese* v. *Judges*, 52 Utah 520, 175 P. 601; *James* v. *Jensen*, 50 Utah 485, 167 P. 827. If date is not endorsed on copy defendant could not avail himself of this right on the record. And where a summons is served not on defendant personally but by leaving it at his usual place of abode, during his absence perhaps for a few days, he would not know on his return when he must appear or be in default. These matters are not disputed by "The Court," but it argues that plaintiff here must allege and show he was misled by the defect. Such is not the provision of the statute. And we find no well reasoned, adjudicated case, holding that where service is attacked by motion before pleading or judgment, the trial court can inquire into the question of being misled. That would be strictly judicial legislation. In L. R. A. 1917C, p. 150 commences an elaborate annotation on the subject. This annotation follows the case of *Lyon* v. *Baldwin*, 194 Mich. 118, 160 N. W. 428, 429, L. R. A. 1917C, 148. That case lays down the rule:

"It is the general rule, that, if a statute prescribes a method for serving process, the method must be followed."

And again it says that such writ is voidable and will be avoided by a motion to quash if made by the defendant, but if not so avoided in the suit, a judgment rendered thereon by default, need not be set aside when attacked for default in the service. The burden of the annotation is that the theory of some cases holding that defendant must show he has been misled is unsound and is summarized in this statement:

"It is sufficient to say of them that they are utterly contrary to the modern American notions of the power and purposes of a court of justice." "This point of view loses sight of the fact that the object of process is to bring the party into court, not to make a record in court. As soon as this is remembered it appears that to exalt the record

over the copy served is really to belittle the process." "Indeed, apart from purely clerical errors or blemishes or defects in immaterial matters, the courts have no right to enter into the question of whether or not in their opinion the party was misled."

The annotation is commended to the reader.

Without prolonging the discussion, we conclude that the failure to endorse the date and place of service on the copy of the summons as required by Sec. 104-5-7 ■ quoted supra is a fatal defect when timely attacked by motion, and such service of summons should be quashed.

Coming then to question number 2, was the trial court correct in holding failure to properly endorse the copy of the summons immaterial because the defendant refused to receive a copy of summons and therefore the attempted service was good under Sec. 104-5-8, U. C. A. 1943:

"The voluntary appearance of a defendant, or a written acknowledgment of service of summons upon him, shall be deemed valid and sufficient service. When the defendant refuses to receive a copy of the summons, the offer of the officer or other person to deliver a copy thereof shall be deemed sufficient service of such summons, provided the person serving the same shall state that it is a summons."

Did William B. Thomas, plaintiff here, defendant in District Court, refuse to receive a copy of summons so the attempted service would come within this section? All the evidence on the matter consists of the "Return of Service" by Officer Peterson who served the summons, wherein he certifies that he delivered to William B. Thomas, defendant, personally a true copy of the summons, Peterson's testimony that he asked defendant, William B. Thomas, his name, and being told it was William B. Thomas he served the summons upon him by delivering to him personally a copy, and told him it was a summons. Another witness, Fern Larsen, testified to the same effect and added that after defendant, William B. Thomas received the copy and while he was reading it, his brother, Al Thomas, took it from William B. Thomas. They read it together and then William B. Thomas put it in his pocket.

Another witness, Emily Barnes, testified exactly as did Fern Larsen.

The only other evidence was two affidavits filed with the motion to quash summons to the effect that the copy was left with Al Thomas.

There is not one scintilla of evidence that William B. Thomas refused to receive or accept a copy of the summons; there is not an iota of evidence from which one could infer that he refused or declined to receive or accept copy of the summons. Every speck of evidence, and every inference possibly deducible therefrom, is that the copy was handed to and received by William B. Thomas.

The statement of the court that the service was good and sufficient under Section 104-5-8 cannot stand. Question 2 must be answered against the service. Since there is no basis in law or fact for upholding the purported service of summons, it follows that the motion to quash service was well taken and should have been granted.

While this proceeding is entitled as certiorari, the allegations of the petition cover the essentials for prohibition, and certiorari in aid thereof. Since the issue of certiorari was not raised by the parties, and in view of the decision of this court in the *Wasatch Livestock Loan case,* cited supra, the writer does not think we should volunteer the issue and dispose of the case on a matter of form.

The cause is remanded to the District Court with directions to quash the service of summons. Each party to pay their own costs.

PRATT and WADE, JJ., concur.

WOLFE, Justice (concurring in result).

I concur in the result. The Chief Justice in his opinion discusses the following two questions:

1. Under the provisions of Section 104-5-7, U. C. A. 1943, if an officer, making personal service of a summons, fails to endorse upon the copy left with defendant the date of

service and sign his name and official title thereto, and defendant timely on a special appearance moves to quash the service of summons, must such service be quashed?

2. Does the evidence sustain the holding of the court that Thomas refused to accept service of summons, and therefore the defective service was immaterial?

As will be developed by this opinion, I think there is a third question:

3. Is certiorari the proper procedure to review the order denying Thomas's motion to quash the service?

I agree that there is no evidence to sustain the holding of the lower court that Thomas refused to accept service of summons.

As to question No. 1, I am of the opinion that the failure to make the endorsement as required by Section 104-5-7 resulted in a defective service of process. Such a service should be quashed if attacked timely by motion.

I have difficulty in determining from the opinion of the CHIEF JUSTICE whether he holds the process server's failure to endorse the copy of the summons made the service void so that the lower court did not acquire jurisdiction of Thomas or made the service only voidable so that the court acquired jurisdiction of the defendant but that jurisdiction was vulnerable to timely and proper attack.

Though the opinion discusses and cites authority for both the view that the defect in service makes the service void and  the view that the defect in service merely makes the service voidable on timely and proper attack, it remands the case with directions to quash the service of summons. The record of this case was brought to us via certiorari. This writ is to test jurisdiction of the court. A granting of the writ would seem to imply that a jurisdictional question was involved. For the reason that the result is obtained on a review by certiorari, I must assume that the Chief Justice has concluded that the defect in service works a failure to obtain jurisdiction of the person of Thomas. With that holding I cannot agree. I am of the opinion that a judgment founded on such service would be *voidable* only.

As stated in the opinion the cases cited are "half-brothers and first cousins" to the case at bar. They are not directly in point and while they may have some value for reasoning purposes they are not controlling and in some respects I find them confusing.

*Columbia Trust Co.* v. *Steiner,* 71 Utah 498, 267 P. 788, was decided on appeal from a default judgment and involved a defective return of service. It was not necessary in that case for us to determine and we did not determine whether or not the defects of the return were jurisdictional. The same result would have been reached in that case whether the service of process was void giving the court no jurisdiction over the defendant or voidable giving jurisdiction but subject to timely, direct attack.

In *Glasmann* v. *District Court,* 80 Utah 1, 12 P. 2d 361, the infirmity was in the summons itself in that it did not correctly name the court where the defendant was to appear and the matter came up on prohibition. In that case the defect was held jurisdiction and correctly so. Under our liberalized use of the writ of prohibition the *Glasmann case* may have been correctly decided.

In *Winter* v. *Hughes,* 3 Utah 443, 24 P. 759, the notice issued by the court (equivalent under the procedure to a summons) was defective. The time specified for appearance was "ten days after the return." This the court held was too vague and indefinite and not in conformity with the statute requiring the time for the appearance to be on the summons. In that case the place for appearance was also required by statute to be on the summons and was omitted therefrom. It was held that the lower court erred in overruling defendant's motion to dismiss the summons. As that case was on appeal the result would have been the same whether the defects in the summons made the service void or merely voidable.

The Washington cases : *Bauer* v. *Widholm,* 49 Wash. 310, 95 P. 277 ; *Thompson* v. *Robbins,* 32 Wash. 149, 72 P. 1043; and *McLean* v. *Lester,* 48 Wash. 213, 93 P. 208, involved

service by publication. The defects were in the summons itself.

The court said in the *Thompson case* [32 Wash. 149, 72 P. 1044], quoting 17 Enc. Pl. & Pr. 45:

"It is the general, if not the universal, rule that 'the right to serve process by publication being of purely statutory creation and in derogation of the common law, the statutes authorizing such service must be strictly pursued in order to confer jurisdiction upon the court."

Because these Washington cases involve service by publication they are little if any help to us in deciding the case at bar.

The cases cited in the opinion which hold the defects in service must be timely raised by motion or they would be deemed waived are in accord with the view that a defect in the service of process does not necessarily prevent the court from obtaining jurisdiction of the defendant. A defect in service which is waived by the defendant failing to raise it certainly cannot be jurisdictional but rather makes the service merely voidable. *Miller* v. *Zeigler,* 3 Utah 17, 5 P. 518, is one case cited in the opinion taking the "voidable" view of the defect.

In the case at bar the summons was regular in every particular. Service was made by delivery of a copy to the defendant personally. The return of service was complete and correct. The irregularity or defect of service was the failure of the officer to endorse the copy left with the defendant, the date of service, his name and official title.

*The United States Circuit Court in Isaacs* v. *Price,* Fed. Cas. No. 7,097 2 Dill., U. S. 347, 351, said:

"A distinction is to be made between a case where there is no service whatever, and one which is simply *defective or irregular.* In the first case the court acquires no jurisdiction and its judgment is void; in the other case if the court to which the process is returnable adjudges the service to be sufficient and renders judgment therein such judgment is not void, but only subject to be set aside by the court which gave it, upon seasonable and proper application, or reversed upon appeal."

Mr. Freeman in his work on Judgments (4th Ed., Sec. 342) gives the following test for determining whether a defect in service is jurisdictional or not:

"In every case of irregularity in the service of process the vital point to be determined is: Was the defendant in fact served? The manner of service, though in some respects informal, would seldom mislead the party and rob the process of its quality as notice of the proceedings. The courts are not disposed to listen to complaints based on mere defects in the execution of process coming from a defendant who cannot show that the process did not reach him. Having actually been served he cannot, upon the ground of mere defective service, defeat the judgment when it is invoked against him in another suit * * *."

I am of the opinion that the irregularity in the case at bar is such that the service was voidable. By that I mean the defendant by timely and proper attack may have the service set aside. Before judgment (absent a general appearance) the proper attack was motion to quash the service. Had a default judgment been entered—appeal or motion to set aside the judgment as provided for by Section 104-14-4, U. C. A. 1943, or suit in equity to set aside the judgment would have been possible attacks. However, the service though defective gave the court jurisdiction of the defendant and had a judgment been entered pursuant thereto it could not have been successfully attacked collaterally on grounds of no jurisdiction of the defendant. For a thorough discussion of the distinction between void and voidable service of process, see *Ambler* v. *Leach*, 15 W. Va. 677.

As stated in the opinion, there are many reasons why the endorsement should be made on the copy of the summons left with the defendant. I think those reasons are important enough to make *voidable* a service in which the required endorsement was not made. However, I fail to see that those reasons are sufficient to justify our holding that the failure to make the endorsement was a jurisdictional defect resulting in a void service.

It may be argued that the legislature intended to make the endorsement required by Sec. 104-5-7 part of the summons

itself and that the defect here is not in the service but in an important part of the summons itself. That argument is not convincing. The legislature in Sec. 104-5-2, set out what the summons should contain. Had it intended the endorsement of the process server to be part of the summons, it would have included same in 104-5-2 instead of providing for same in a different section.

As I view the matter, in the case at bar the defendant made a timely attack on a *voidable* service by motion to quash as provided for by Section 104-5-10. The lower court erred in denying that motion to quash.

We now come to the third question implied in the above discussion: Is certiorari the proper procedure for attacking the denial by the lower court of Thomas's motion to quash the service?

In this state certiorari may issue

"when an inferior tribunal * * * exercising judicial functions has exceeded the jurisdiction of such tribunal * * * and there is no appeal, nor, in the judgment of the court * * * any plain, speedy and adequate remedy in the ordinary course of law * * *" (Section 104-67-2, U. C. A. 1943). "The review upon this writ [certiorari] cannot be extended further than to determine whether the inferior tribunal, * * * has regularly pursued the authority of such tribunal * * *" (Section 104-67-8).

In the recent (1941) case of *Chesney* v. *District Court*, 99 Utah 513, 108 P. 2d 514, 516, in reference to the review by certiorari, we said:

"In other words, if the district court exceeded its jurisdiction or power in denying the motion then it did not regularly pursue its lawful authority and this court in this proceeding can review and correct its action. If, on the other hand, the court merely erred, however gross the error may appear to us, this court cannot, in such a proceeding, review the error. *Smith* v. *District Court*, 24 Utah 164, 66 P. 1065. Also if it be determined that the district court did exceed its jurisdiction, under the express mandate of the above-quoted statutes [Sections 104-67-2 and 8, Revised Statutes of Utah, 1933, now Sections 104-67-2 and 8, U. C. A. 1943] there is presented for determination the further question of whether the error can be corrected on appeal or by some other plain, speedy and adequate remedy in the ordinary course of the law."

As this case is here on certiorari we are confronted with this narrow question: Did the lower court exceed its jurisdiction by denying the motion to quash the service of process? We said in *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377, 380:

"Many definitions of jurisdiction are given in 15 C. J. 723, § 13. They all mean, fundamentally, the power or capacity given by the law to a court * * * to entertain, hear, and determine certain controversies. The word is derived from juris dicto, 'I speak by the law.' It does not mean that the court must speak correctly by the law. What it says may be incorrect. But it means that its judicial action in respect to the matter in regard to which the action pertains must itself be warranted by law. It does not mean that it must act or operate upon a controversy correctly, but it means that the law must permit it to act upon the controversy."

In the case at bar the controversy before the lower court into which it inquired and on which it acted was whether it should grant Thomas's motion to quash the service. One, and possibly two, questions must be determined in order to decide that controversy. The first is: Did the service give the lower court jurisdiction of Thomas? If that question is answered in the negative, the motion to quash should be granted. If answered in the affirmative (as I think it should be in this case), the second question arises, to wit: Though the service gave the lower court jurisdiction of Thomas was it so irregular and defective that it nevertheless should on motion be quashed? The difference in substance would be that if the service did not give the court jurisdiction of Thomas the judgment would be void even though he filed no motion to quash it, whilst if the court has a voidable jurisdiction a judgment obtained will be good until set aside.

Clearly the lower court had jurisdiction to decide both these questions. As stated in 21 C. J. S. Courts, p. 174, § 113,

"Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to parties and to subject matter, and to decide all questions, whether of law or fact, the

decision of which is necessary to determine the question of jurisdiction".

A court has the power to determine whether or not it has jurisdiction of a defendant. The fact that the court makes errors in its determination does not affect its jurisdiction to make those determinations. *Atwood* v. *Cox*, supra; 21 C. J. S. Courts, p. 38, § 27.

If a court has jurisdiction of the subject matter and the parties it has jurisdiction to decide any motion made in connection with the case. Error in making its decisions does not divest the court of jurisdiction to decide.

When the court is in the process of determining its jurisdiction of a person it is not exceeding its jurisdiction. Neither does it exceed its powers when it ends that process by making a decision in that regard. However, if a court determines it has jurisdiction when in fact and law it does not, any subsequent orders or acts of the court in that case would be beyond its jurisdiction and reviewable by certiorari if there were no other adequate remedy in the regular course of the law.

Though the lower court erred in denying Thomas's motion to quash the service it did not exceed its jurisdiction. Therefore, I do not think certiorari is the proper remedy in this case.

While I do not think that certiorari will technically lie in this case, I am willing to accept the theory advanced by the Chief Justice that the application for certiorari may be treated as an application for prohibition. I should point out in passing, however, that the failure of the respondent to object to or raise the matter of the propriety of the application or petition for certiorari does not mean that this court will not inquire into that matter or into whether the allegations reveal a situation where there is lack of jurisdiction or inadequacy of remedy in the ordinary course of law. Certiorari and prohibition are writs of the court. The situation is not like that involved in the ordinary pleading of a cause of action where the defendant may admit a fact

and thus fail to put it in issue. We have time and again refused to issue a writ of prohibition and even certiorari where both parties wanted it to issue because both plaintiff and defendant desired to obtain a direct and more speedy determination of an issue by this court and thus save the more long drawn out procedure necessary by trial court and appeal.

I have been one of the advocates of a judicial policy which eschews the avoidance of decision on the merits by resort to technicalities. I have had my part in "liberalizing" the use of the writ of prohibition so as to permit intermediary reviews where the element of irretrievability has been present—viz., where a party is in a position where he cannot retrieve himself by appeal from the ruling of the lower court or where he would suffer irreparable damage even if he appealed and won or where the appeal would subject him to an extraordinary hazard because if he did not prevail he would suffer in a manner not comprehended by the mere loss of an appeal. See *Atwood* v. *Cox,* supra; *Coors Co.* v. *Liquor Commission,* 99 Utah 246, 105 P. 2d 181; *Mayers* v. *Bronson,* 100 Utah 279, 114 P. 2d 213, 136 A. L. R. 698; *Broadbent* v. *Gibson,* 105 Utah 53, 140 P. 2d 939. But because we made the issuance or nonissuance of the writ of prohibition revolve more about the matter of real inadequacy or ordinary course of the law as inadequacy was described in *Broadbent* v. *Gibson,* supra, rather than about lack or excess of jurisdiction does not mean that an application for certiorari even if construed to be an application for a writ of prohibition aided by certiorari should be granted where there is neither lack of jurisdiction as in this case nor *inadequacy of remedy in the ordinary course of law.* This is what it seems to me the main opinion implies:

In the ordinary course of the law a defendant whose motion to quash service is denied has only the remedy of appeal. It appears to me that the remedy by appeal in such a situation is not an adequate remedy. Without intermediate review of the order denying his motion to quash service the defendant is in a precarious position. Theoretically he would have the right to test the court's denial of the motion

to quash by appeal but in order to do that he would have to stand on his special appearance and not answer on the merits, allow the case to go to default and then appeal the judgment assigning as error the denial of his motion to quash. Thus he would waive any defense he may have on the merits and risk all on the correctness of his interpretation of the legal effect of the service. *Or*, the defendant, after denial of his motion to quash, could answer on the merits. In such case, because a general appearance waives any objection to jurisdiction of the person, he would waive his right to have the lower court's ruling on his motion to quash reviewed. The unsatisfactory situation would be that the defendant has two rights but as a practical matter he must waive one in order to take advantage of the other.

Because of the dilemma that exists for the defendant whose motion to quash service is denied and because of the hazard he must take in order to get a review of the order denying his motion to quash, he does not have an adequate remedy in the regular course of the law. This then seems to me to be a case for the use of our "liberalized" writ of prohibition. *Coors Co.* v. *Liquor Commission,* supra. For that reason I concur in the result reached by the Chief Justice, of course with the limitation in the reasoning employed to sustain it that I think a judgment based on service as made in this case would be *voidable* only and not void, for the reason that I think the court did obtain jurisdiction of the defendant with a statutory right on his part to have the service quashed.

McDONOUGH, J., concurs in the views expressed in the opinion of Mr. Justice WOLFE.