# REPORTS OF CASES

DECIDED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

---

FARMERS' BANKING CO. v. BULLEN, Judge.

No. 3955.   Decided July 2, 1923.   (217 Pac. 969.)

1. ACTION—MAY BE COMMENCED BY SERVICE OF SUMMONS BEFORE
   FILING COMPLAINT. Civil actions may be commenced by service
   of summons prior to filing a complaint, for the purpose, among
   other, of encouraging compromises and settlements, but under
   Comp. Laws 1917, § 6539, the time and manner of filing the
   complaint must be stated.

2. COURTS—CITY COURT SUMMONS SERVED BEFORE FILING COM-
   PLAINT RECITING "COPY OF COMPLAINT ANNEXED" HELD FATALLY
   DEFECTIVE UNDER STATUTES. Under Comp. Laws 1917, § 1714,
   as amended by Laws 1919, c. 34, requiring city court sum-
   mons to indicate commencement of an action by filing a com-
   plaint, prior to service of summons by the words, "of which
   a copy is hereto annexed and herewith served upon you," and
   by service of summons alone by the words referring to the
   complaint, "which within 5 days after service of this sum-
   mons upon you, will be filed in said court," a summons served
   without filing a complaint, containing the words, "a copy of
   which is hereto annexed and herewith served upon you" is
   fatally defective in substance, in view of Comp. Laws 1917,
   §§ 6538-6559.

Application by Farmers' Banking Company for a writ of

(1)

mandate requiring Asa Bullen, as Judge of the City Court of Logan City, to enter a judgment by default against defendant Sparks in the action of Farmers' Banking Company against David Sparks.

WRIT DENIED.

*Leon Fonnesbeck*, of Logan, for plaintiff.

*E. T. Young*, of Brigham City, for defendant.

CHERRY, J.

This is an application for a writ of mandate requiring the defendant, as judge of the city court of Logan City, to enter a judgment by default in an action by the plaintiff against one David Sparks, attempted to be commenced in said court by the service of a summons previous to the filing of a complaint. The judge of the city court refused to enter the judgment by default, on the grounds that the summons served was defective in form and contents.

Omitting the caption and title, the summons is as follows:

"The State of Utah to Said Defendants: You are hereby summoned to appear within ten (10) days after the service of this summons upon you, if served within the county in which this action is brought; otherwise within twenty (20) days after such service; and defend the above-entitled action, and, in case of your failure so to do, the plaintiff in this action will apply to the court for the relief demanded in the complaint of which a copy is hereto annexed and herewith served upon you, and will take judgment against you for the sum of three hundred fifty-seven and 20/100 dollars ($357.20)," etc.

The summons and a copy of the complaint referred to in the summons were served on the defendant Sparks on February 9, 1923, at which time no complaint had been filed in the action. Five days later the summons and return, together with plaintiff's complaint were filed in the city court. On March 1, 1923, the defendant Sparks having failed to appear, the plaintiff applied for a judgment by default, which the court refused to enter as before stated.

The controversy relates solely to the contents of the summons.

Chapter 8, title 117, Comp. Laws Utah 1917, §§ 6538-6559, provides generally for the manner of commencing civil actions, and the form, contents, and service of summons. The particular parts of the chapter relating to the question here presented are as follows:

Sec. 6538. "A civil action shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought or by the service of a summons."

Section 6539, after giving general form of summons, provides:

"If the complaint be on file at the time of the service of the summons, the words 'which has been filed with the clerk,' * * * shall be added, following the word 'complaint'; otherwise the words, 'which, within ten days after service of this summons upon you, will be filed with the clerk of said court,' shall be added, following the word 'complaint.' * * *"

Sec. 6540. "The summons, together with a copy of the complaint, if any, may be served by the sheriff of the county where the defendant may be found, or by any other person over twenty-one years of age and not a party to the action. * * *"

Sec. 6546. "Within ten days after service of the summons, the complaint, if not previously filed, together with the summons and proof of service thereof, must be filed in the office of the clerk of the court in which the action is brought. At the same time, one copy of the complaint shall be deposited with the clerk for the defendants in each county in which the summons shall have been served, unless a copy thereof was served with the summons in each of such counties. * * *"

Comp. Laws Utah 1917, § 1714, as amended by chapter 34, Laws Utah 1919, pertains to the summons in city courts, and is as follows:

"The manner of commencing an action in the said city court, the requisites of summons, and the manner of service and return of summons shall, except as otherwise provided in this chapter, conform as nearly as may be to the practice prescribed for district courts; provided, that when the action is commenced by the filing of a complaint a copy of the complaint need not be filed with the clerk of the court, but must be served upon the defendant, at the time of the service of the summons; no extra fee in addition to that allowed for serving the summons shall be allowed the officer for serving this copy. If a copy of the complaint is not served

with the summons, the words, 'of which a copy is hereto annexed and is herewith served upon you' may be omitted or erased, and in place thereof may be inserted the words, 'which within ·five days after service of this summons upon you, will be filed in said court.' If a copy of the complaint be not served with the summons, and a copy thereof be not deposited with the clerk of said court within five days after service of the summons, the copy of the summons served on the defendant may be filed with the clerk of the court by the defendant, and thereupon the clerk shall docket said action, and the same shall be dismissed by the court, on motion of the defendant, at the cost of plaintiff; provided further, that if the action be upon contract for the payment of money only, the summons shall set out the amount.

"The summons issued out of said court shall be substantially in the following form: Title of court and cause. The state of Utah to said defendant. You are hereby summoned to appear within ten (10) days after the service of this summons upon you, if served within the county in which this action is brought; otherwise within twenty (20) days after this service, and defend the above entitled action; in case of your failure to do so, the plaintiff in this action will apply to the court for the relief demanded in the complaint, of which a copy is hereto annexed and herewith served upon you, (and if the action be upon contract for the payment of money only, add substantially the following): and will take judgment against you for the sum of —— dollars ($——) with interest at the rate of —— per cent. per annum since the —— day of —— (19—), together with plaintiff's costs and disbursements herein.

"——————, Plaintiff's Attorney.

"Dated ——, A. D. 19—."

It is thus seen that an alternative method of commencing civil actions is provided by law, and the particular form and contents of summons and the manner of service in each case is pointed out.

The present controversy arises over a dispute as to the meaning and effect of section 1714. The plaintiff contends that, even though its complaint was not filed, it might, nevertheless, serve a copy of the complaint with the summons and be relieved from notifying the defendant in the summons that the complaint was to be thereafter filed; in other words, that the defendant is not to be notified that the complaint will be filed later, except when "a copy of the complaint is not served with the summons."

On the part of the defendant it is contended that the

statutes quoted plainly require the summons to contain a clear statement of the particular method by which the action is commenced whereby the defendant may be notified of the fact.

It is obvious that civil actions are authorized to be commenced by the service of summons prior to the filing of a complaint for the purpose, among others, of encouraging compromises and settlements. A time is afforded after the service of the preliminary notice, and before the filing of and making public the complaint, during which the dispute may be composed and reconciled. To accomplish this purpose it is necessary that the defendant have notice of the manner in which the action is commenced. Section 6539 expressly requires the summons to state whether the complaint has been filed, or will be filed, as the case may be. The particular method by which the action is commenced is thereby indicated. Section 6540 authorizes the service of a copy of the complaint, if any, with the summons. This we think clearly means that, if a complaint has been filed with the clerk, a copy may or may not be served with the summons. Section 6546 requires the deposit of a copy of the complaint for the defendants in each county, within ten days after service of summons, unless such copies were served with the summons.

There is no complaint in the action until it is filed, and there can be no copy of complaint until there is a complaint. Hence a copy of complaint cannot properly be served with the summons until it has been filed in the action.

Section 1714 is substantially to the same effect as the foregoing except that it requires (instead of leaving optional) the service of a copy of the complaint with the summons when the action is commenced by the filing of a complaint. The words, "of which a copy is hereto annexed and is herewith served upon you," when included in the summons, as provided by section 1714, import that the complaint has been filed, and are only properly employed when the complaint has been filed. And the words, "if a copy of the complaint is not served with the summons," contained in section 1714 presuppose and necessarily import that a complaint has not

been filed, because if it has been filed it must be served with the summons, and if it has not been filed it cannot be served with the summons. Any other construction leads to confusion and absurdity.

The conclusion of the matter is that section 1714 requires the summons to indicate correctly the manner in which the action is commenced. If it be by the filing of a complaint, the summons must contain the words ''of which a copy is hereto annexed and is herewith served upon you.'' If the action is commenced by the service of summons, the words above quoted must be omitted or erased, and, in lieu thereof, must be inserted the words ''which within five days after service of this summons upon you, will be filed in said court.''

A summons to be sufficient must follow the prescription of the statute, and correctly indicate by its contents the manner in which the action is commenced. In this case the summons was in the form prescribed for actions commenced by the filing of a complaint, when in fact no complaint was filed at the time of service of summons, but the action was attempted to be commenced by the service of summons prior to the filing of the complaint. The summons was therefore defective in substance, and the city judge was justified in refusing to enter a judgment by default.

Writ denied; defendant to recover costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.