WASATCH LIVESTOCK LOAN CO. v. DISTRICT COURT IN AND FOR UINTAH COUNTY et al.

No. 5576.   Decided June 14, 1935.   (46 P. [2d] 399.)

*Thomas & Thomas,* of Salt Lake City, for plaintiff.

*Ray E. Dillman,* of Roosevelt, for defendants.

FOLLAND, Justice.

A writ of certiorari was issued to review an order of the district court of Uintah county denying plaintiff's motion to quash summons and service thereof in an action brought by the defendant Annie Bowden, as administratrix of the estate of Joseph H. Bowden, deceased, against Wasatch Livestock Loan Company. Plaintiff filed a brief in support of its petition. Defendant filed no brief but has submitted the cause without brief or argument. The record in the case from the district court is now before us. The summons served on defendant in the district court case omits to state whether a complaint had already been filed or whether one would thereafter be filed, thereby wholly failing to indicate and to advise the defendant therein how the action had been commenced, whether by service of summons or by filing a complaint. The defendant therein appeared specially and moved to quash the summons. This motion was denied by the trial court.

The statute requires that a summons shall indicate by its contents the manner in which the action is commenced. By R. S. Utah 1933, 104-5-1, an action may be commenced either by the filing of a complaint with the clerk of the court in which the action is brought, or by service of summons. By section 104-5-2 the appropriate language to be used in either case is specified; that is, the summons must indicate the precise manner in which the action is commenced by stating in express words "which has been filed with the clerk of said court," if the action be commenced by the filing of a complaint, or "which, within ten days after service of this summons upon you, will be filed with the clerk of said court," if commenced by service of summons. The summons served on defendant in the district court action failed to state either alternative, and was therefore

fatally defective. *Farmers' Banking Co.* v. *Bullen,* 62 Utah, 1, 217 P. 969. Plaintiff is entitled to relief in this court. *Glassmann* v. *Second District Court,* 80 Utah 1, 12 P. (2d) 361.

On the record in this case the court below should have quashed and set aside the summons and the alleged service thereof. The order of the district court of Uintah county denying the motion to quash and requiring the defendant to answer within ten days is annulled, and the defendant district court and the judges thereof are restrained from further proceeding in the cause of Annie Bowden, as Administratrix of the Estate of Joseph H. Bowden, Deceased v. Wasatch Livestock Loan Company, until such time as jurisdiction of said defendant is conferred upon that court. Costs are awarded to plaintiff herein against individual defendants.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.