## LOWE, v. BANK OF VERNAL.

No. 6894. Decided December 20, 1946. (175 P. 2d 484.)

*Katherine E. Meagher Ivers,* of Park City, and *Roberts & Roberts,* of Salt Lake City, for appellant.

*Knox Patterson* and *O. A. Tangren,* both of Salt Lake City, for respondent.

SEVY, District Judge.

This is an equitable action to set aside a judgment by default, entered in a previous action against the plaintiff herein, wherein she was the defendant and the defendant herein was the plaintiff.

The summons in that action failed to state that the complaint had been filed, or that it would thereafter be filed. In *Wasatch Livestock Loan Co.* v. *District Court,* 86 Utah

422, 46 P. 2d 399, this court held that such a summons was void and the court failed thereby to obtain jurisriction of the person served. Under that holding unless the court obtained jurisdiction of the plaintiff by some other means, the default judgment in the previous action against the plaintiff herein is void and should be set aside.

On the twenty-first day after the summons was served Ray E. Dillman, an attorney who had previously represented the plaintiff in other actions, filed a demurrer to the complaint. This demurrer was not signed, and no further pleading was filed on behalf of the plaintiff herein in that action until after the default entered against her. On the trial Mr. Dillman was examined extensively by plaintiff's counsel, counsel for the defendant herein, and by the court. He admitted filing the demurrer but testified positively that he had never been retained by her to appear in her behalf in that matter and had no authority to do so but that the opposing counsel called it to his attention that she was either in default or about to be and that he explained that he had not been authorized to appear but filed the unsigned demurrer in order to obtain an extension of time so that she might obtain counsel. He further testified that he thereupon wrote her a letter explaining what he had done but received no further communication from her until at least twenty days after he had been served with notice that the default judgment had been entered against her. At the trial there was considerable evidence on the question of whether he appeared personally when the demurrer was overruled, he testified positively that he did not, there was some evidence to the contrary. Attorney Colton, defendant's attorney in the original action, testified that Dillman appeared personally at the time when the demurrer was overruled, and Mr. Dillman admitted that on several occasions he talked with Mr. Colton about filing an answer, but there was no testimony that he ever said that he had been authorized to represent her in that action, prior to the time when the judgment was entered.

After the judgment was entered, plaintiff's present attorneys Patterson and Tangren, prepared and filed a petition to set aside the judgment, this petition was also signed by Mr. Dillman as one of the attorneys. It was therein recited that within the time allowed by law for her to appear she employed Mr. Dillman to represent her, and she testified to that effect on the witness stand. Later an amended petition to set aside the default judgment was filed in which the statement that Dillman had been employed to represent her was corrected and it was alleged that he had not been authorized to nor had he appeared in that action on her behalf. On the evidence the trial court found that the summons was void but that plaintiff herein "appeared in said action by demurrer." It further found that she was mentally incompetent at that time to disclose to her attorney the nature of her defense and on that ground set the judgment aside.

After carefully studying the evidence, we believe that the great preponderance thereof is to the effect that Mr. Dillman had no authority to appear or act for her as her attorney in that action and therefore the court obtained no jurisdiction to enter the default judgment against her. Besides the uncontradicted, and unimpeached testimony of Mr. Dillman to that effect, the undisputed facts of what he did support that position. He filed the unsigned demurrer either on the last day or the day after she was in default according to the summons. He testified that it was called to his attention that her default was about to be entered, and in order to give her further time, he filed this unsigned demurrer in the hopes that she would employ some other attorney to represent her, that he wrote her to that effect but she failed to contact him until at least twenty days after he had been notified that the default judgment had been entered, and therefore he did nothing further in the case. It was natural that he would be interested in preventing a default judgment against his former client, and that he would not want to sign his name to an unauthorized demurrer. It was also natural that he

did not proceed further in the matter when she failed to contact him in answer to his letter. On the other hand if he was authorized to appear for her there is no explanation of why he failed to sign the demurrer, or why he failed to file an answer after it was overruled, except on account of inadvertence and neglect. It does not seem probable that both of these omissions were unintentional, this is particularly true since he made no effort to have the judgment set aside when he discovered that it had been entered.

If Mr. Dillman had no authority to appear for her then the court did not obtain jurisdiction to enter the default judgment, and it is therefore null and void and the judgment of the trial court, although based on a different ground, must be affirmed. Under this view of the case, the other points require no determination. Affirmed with costs.

LARSON, C. J., and McDONOUGH and WADE, JJ., concur.

WOLFE, Justice.

I concur. However, I think the practice of an attorney filing any paper signed or unsigned in a case when he has no authority to represent a party and when he knows that he has no authority should be condemned. An attorney at law who appears for a party is presumed to represent him.

PRATT, J., not participating.