285 P.2d 1111

Whitland T. LOCKE, Ralph O. Williams and Hayne L. Jarrard, Plaintiffs and Respondents,

v.

L. R. PETERSON, Defendant and Appellant.

No. 8329.

Supreme Court of Utah.

July 15, 1955.

Grant Macfarlane, Max G. Halliday, Salt Lake City, for appellant.

Earl D. Tanner, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by L. R. Peterson, defendant, from the trial court's refusal to set aside a default judgment. On August 26, 1954, Earl D. Tanner, attorney for plaintiffs Whitland T. Locke, Ralph O. Williams and Hayne L. Jarrard, respondents here, handed to defendant a summons and purported copy thereof requesting him to sign the following statement which was typewritten on the front of both the original and the copy:

"Receipt of this summons is acknowledged this 26th day of August, 1954, and service of the same is accepted.

"L. R. Peterson"

Peterson signed both the original and the purported copy, the original he returned to Tanner and retained the purported copy. The original contained the following provision:

"You are hereby summoned and required to serve upon Anderson, Taylor and Tanner, Plaintiff's attorneys * * * an answer to the complaint within 20 days after service of this summons upon you. If you fail so to do, judgment by default will be taken against you for the relief demanded in said complaint, ~~together with~~ ~~the costs of this action, and such other~~ ~~and further relief as to the court may~~ ~~seem just and equitable, a copy of~~ which, within 10 days after service of this summons upon you will be filed with the clerk of the above court."

The above part which is crossed out was crossed out in the original summons but was not crossed out in the copy so that part of the copy read as follows: " * * *

for the relief demanded in said complaint, which has been filed with the clerk of said court, and a copy of which is hereto annexed and herewith served upon you, (or)* which, within 10 days after service of this summons upon you will be filed with the clerk of the above court."

Plaintiffs' attorney duly filed the original summons with the required copies of the complaint with the clerk of the court and defendant failed to appear and his default and default judgment were entered against him on October 6, 1954. On January 4, 1955, appellant served notice of his intention to move the court to set aside the default judgment. Two problems are presented: 1. Does the proof of service of summons meet the requirements of the Utah Rules of Civil Procedure? 2. Should the court have set the default and judgment aside and allowed him to answer on the merits? We consider these problems in the above order.

1. Rule 4(g) of U.R.C.P. provides that: "Within 5 days after service of process, proof thereof shall be made as follows:

\* \* \* \* \* \*

"(4) By the written admission or waiver of service by the person to be served, duly acknowledged, or otherwise proved."

It is undoubtedly true that this requirement is purposed to safeguard against entering the default of persons except where it satisfactorily appears that they have consented thereto. Assuming that the term "duly acknowledged" requires acknowledgement before a notary public or other officer entitled to administer oaths, the related phrase used in the same context "otherwise proved" also imports some proof upon which the court may safely conclude that the appearance is genuine. Subdivision (4) deals only with the manner of proof of a "written admission or waiver of service by the person to be served". It has nothing to do with the manner of proof of other kinds of service mentioned in Subdivisions (1), (2) or (3) as contended by defendant. Any proof which sufficiently establishes that a written admission or waiver of service has been made is sufficient if so regarded by the court. Here the defendant signed the statement in the presence of the attorney, who is an officer of the court, in whom the court can properly repose confidence, and who in turn represented to the court that such was the signature of the defendant. That was unquestionably sufficient proof to satisfy the requirements of the above rule.

2. On the second point we conclude that the court should have set the default and judgment aside and allowed the defendant to answer on the merits. The copy of the summons which was left with the defendant was not a true copy of the original and did not state whether the complaint had already been filed with the clerk of the court or whether such filing

418

was to be made in the future. This court has at least twice held that where the summons failed to make a definite statement of that fact it was fatally defective and did not confer upon the court jurisdiction of the person served.[1] In this case the original summons did make such a statement but the copy left with the defendant merely stated that the complaint had been filed or would within 10 days be filed. The copy left with the defendant is the instrument on which he was entitled to rely for such information.

 Thus we have filed a proper summons, receipt of which is accepted which conferred jurisdiction of the defendant on the court. However if a true copy of the summons which was left with the defendant had been filed it would have been defective and would not have conferred jurisdiction. This situation created sufficient confusion that the motion to set aside the default and judgment against the defendant should have been granted and he should have been allowed to plead consistent with our declared policy that in case of uncertainty, default judgments should be set aside to allow trial on the merits.[2]

Reversed and remanded with directions to set aside the default and the judgment against the defendant and to allow him to file his answer on the merits and proceed to trial. Costs to the appellant.

McDONOUGH, C. J., and CROCKETT, J., concur.

WORTHEN, J., concurs in result.

HENRIOD, Justice (concurring in result).

I concur in the result and agree with the principle enunciated by Mr. Justice WADE to the effect that a signed statement admitting service of process satisfies Rule 4 (g) (the signer thus submitting himself to the court's jurisdiction), but I cannot concur with the reasons assigned by the main opinion why the judgment should have been vacated.

The only determinative point on appeal is whether or not defendant should have been relieved of a default judgment because of excusable neglect. The main opinion says the judgment should have been set aside because the copy of the summons received by defendant was not a true copy in that it did not advise whether a complaint had been filed or would be filed within ten days. I cannot see how this circumstance possibly

---

1. See Wasatch Livestock Loan Co. v. District Court in and for Uintah County, 86 Utah 422, 46 P.2d 399; Farmers' Banking Co. v. Bullen, 62 Utah 1, 217 P. 969.

2. Utah Commercial & Savings Bank v. Trumbo, 17 Utah 198, 53 P. 1033.

could be ground for vacating the judgment on the basis of excusable neglect, since, at the worst, defendant could assume only that the complaint would be filed within ten days and it would be a simple matter to check to determine if the filing had been made within that time, after which the defendant would have ten days to plead if it had been filed. Failure to make such inquiry hardly could be said to be excusable neglect.

However, it appears that the copy of the summons bore a case number different from that on the complaint and court records, that the defendant left the state the day after he was served, and that he took steps to request the vacation of the judgment as soon as he learned of it. The case number on the summons was one that had been assigned to a case which touched the same subject matter, but in which no action was taken against defendant. Under such circumstances, defendant's failure to answer easily could have been the result of excusable neglect under the Utah case cited by the majority opinion,—a case somewhat similar factually,—and such as to result in an abuse of discretion on the part of the trial court in failing to relieve the defendant of the default.