377 P.2d 189

**Harry G. HEATHMAN, Plaintiff and Appellant,**

v.

**FABIAN & CLENDENIN, and Kathleen Cholley, Defendants and Respondents.**

No. 9643.

Supreme Court of Utah.

Dec. 14, 1962.

Harry G. Heathman, Salt Lake City, for appellant.

John H. Snow, Salt Lake City, for respondents.

WADE, Chief Justice.

Plaintiff, Harry G. Heathman, appeals from a summary judgment dismissing his amended complaint against the law firm of Fabian and Clendenin and a secretary,

and the refusal of the court to permit him to file a second amended complaint. The complaint names 12 lawyers as members of the law firm and also a secretary as defendants. Heathman, a layman acting as his own legal counsellor, instituted this and other lawsuits against lawyers.[1]

This action is based entirely on Heathman's failure to obtain a default judgment against Hatch in the case of Heathman v. Hatch.[2] In that case Heathman sued Hatch, a lawyer, for damages resulting from alleged fraudulent and negligent handling of Heathman's defense in a criminal prosecution. He also asked damages which allegedly resulted to him from Hatch's mismanagement of some civil matters as Heathman's attorney. In Heathman v. Hatch, defendants, Fabian and Clendenin, acted as Hatch's attorneys. In so doing, they failed to file an answer or other pleading on or before January 3, 1961, as required by the summons served on Hatch in that case, and on the next morning, at Heathman's request, a default certificate[3] was entered against Hatch. Later, on that same day, January 4, 1961, a motion to dismiss Heathman's complaint in the action of Heathman v. Hatch arrived at the Clerk's office, together with an affidavit that a copy of such motion to dismiss was mailed to Heathman on January 3, 1961. Heathman then moved for a judgment on his complaint[4] and Hatch, through his attorneys, Fabian and Clendenin, moved to set aside the default certificate for excusable neglect.[5]

Extensive hearings were had and testimony taken on the issues of excusable neglect and on Heathman's claims of fraud and misconduct by the law firm and secretary. As a result of these hearings and extensive arguments in which the court was very indulgent with Heathman because he was not a trained lawyer, the court set aside the default certificate upon the grounds of excusable neglect, and later granted the motion to dismiss that action and on appeal we affirmed that decision.[6]

On January 27, 1961, Heathman filed his complaint in this action and he filed an amended complaint on February 14, 1961. The substance of his allegations are: That the secretary had filed a false affidavit in connection with the pleadings in the Heathman v. Hatch case; that the law firm filed false pleadings in connection with the false affidavit, and members of the law firm discussed with judges of the court the default in the Hatch case, and that from all of the above mentioned actions of the law firm and secretary, Heathman was not able to obtain a default judgment against Hatch in the Hatch case. The pleadings in the amended

---

1. Heathman v. Hatch, 13 Utah 2d 266, 372 P.2d 990; Heathman v. Giles, 13 Utah 2d 368, 374 P.2d 839.
2. See Heathman v. Hatch, note 1.
3. See Rule 55(a) (1) and (2) U.R.C.P.
4. See Rule 55(b) (1) and (2) U.R.C.P.
5. Rule 55(c) and Rule 60(b) U.R.C.P.
6. See Heathman v. Hatch, note 1.

complaint contain no allegation whatever of the contents, nature or substance of any alleged false statement in the affidavit or in the pleadings filed in the Hatch case. Nor are there any allegations in Heathman's amended complaint against Fabian and Clendenin of what was said, or the nature or substance of any conversation between the law firm members and any judge or judges. The allegations contained merely broad and general statements that a false affidavit and false pleadings were filed and judges were contacted which prevented Heathman from obtaining a default judgment. Such being the case, it is clear beyond question that no claim was stated upon which relief could be granted [7] in favor of Heathman and against the law firm and its secretary, and we conclude that the court correctly dismissed the action.

Judgments by default are not favored by the courts nor are they in the interest of justice and fair play. No one has an inalienable or constitutional right to a judgment by default without a hearing on the merits. The courts, in the interest of justice and fair play, favor, where possible, a full and complete opportunity for a hearing on the merits of every case.[8] It was clearly the duty of the law firm to do what it could, acting fairly and openly, to prevent the court from entering a default judgment against Hatch without hearing its claim that the default certificate was obtained on account of excusable neglect. The record of the evidence taken on that hearing in Heathman v. Hatch was made a part of the record in this case, and is before this court for consideration. It shows no overreaching or unfair treatment of Heathman in obtaining a nullification of the default certificate and preventing a default judgment. The evidence clearly shows that the trial judge carefully gave Heathman every opportunity to show that he had been mistreated, or that there had been fraud or undue influence exerted in the Hatch case. The only thing that he was able to show was that the secretary admitted she had misstated in her affidavit that she had mailed a notice to Heathman, whereas in truth and in fact she then remembered that instead of placing this letter in the mailbox herself, she had handed it to another secretary for mailing. There was no other proof that any other misstatement was made in any pleading in the Hatch case. This admitted misstatement could have no bearing on or have made any difference in the result in that case, for the default in that case was set aside because of excusable neglect in not filing the pleading in the District Court before the close of the 3rd of January instead of placing such pleading in the mail, which duly arrived on the next day.

7. See Rule 8(a) and Rule 9(b).
8. See Rule 55(c) and Rule 60(b) U.R.C.P. Also Locke v. Peterson, 3 Utah 2d 415,

285 P.2d 1111; Ney v. Harrison, 5 Utah 2d 217, 299 P.2d 1114.

Since Heathman was given a fair opportunity to produce all of the evidence that he possibly could on this question, it was also proper for the trial court to refuse to allow him to further amend his pleading, for he was clearly unable to make any showing that any fraud or misconduct had occurred against him in preventing him from obtaining a default judgment.

Judgment of the lower court is affirmed, with costs to the respondents.

HENRIOD, McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.