475 P.2d 1019

**UTAH STEEL & IRON COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Donald R. BOSCH and Paul M. Holt, Defendants and Appellants.**

No. 11759.

Supreme Court of Utah.

Oct. 26, 1970.

---

2. Art. IV, Sec. 1, U.S.Const.; Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendants-appellants.

Horace J. Knowlton, Salt Lake City, for plaintiff-respondent.

CALLISTER, Justice.

Plaintiff, a corporation organized in Utah, filed a three-paragraph complaint. In the first paragraph it alleged its corporate existence. The second paragraph alleged:

2. That on or about the 12th day of March, 1969 these defendants have conspired together to harrass [sic], annoy, threaten and intimidate the plaintiff, and that since the said time they have unlawfully threatened, intimidated, harrassed [sic] and annoyed the plaintiff, acting together and in concert with each other until it has been necessary for the plaintiff to and the plaintiff has discontinued its business and suffered damage in the sum of $275,000.00, no part of which has been paid.

The third paragraph alleged that the acts of defendants had been deliberate, malicious, and without probable cause "and the plaintiff has in addition thereto suffered punitive damages in the sum of $25,000.00."

Defendants filed a motion to dismiss, which the trial court denied. This court granted an interlocutory appeal.

The complaint does not comport with the requirements of Rule 8(a), U.R.C.P.; and, therefore, the trial court erred by its denial of defendants' motion to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted, Rule 12(b), U.R.C.P.

In Blackham v. Snelgrove [1] this court stated that under Rules 8 and 12, U.R.C.P., a complaint is required to give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.

1. 3 Utah 2d 157, 160, 280 P.2d 453 (1955).

87

The complaint in the instant action on its face gives no notice to the defendants of the nature or substance of the acts allegedly committed by defendants against the corporate entity, nor is there any mention of causation between the alleged acts and the alleged effect on the corporate business. It is clear beyond question that no claim was stated upon which relief could be granted.[2]

The defendants' motion to dismiss is granted, and costs are awarded to defendants.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in the result reached in the main opinion but wish to elaborate on it.

The motion to dismiss became a motion for summary judgment when the court permitted affidavits to be filed in support thereof. The Rules of Civil Procedure were adopted for the purpose of preventing dismissal of suits for technical failures, and in such cases the dismissal should not be permitted unless an opportunity is given to amend. I, therefore, do not think that this case should be dismissed because of any failure to state a cause of action.

If a defendant wants more specific information regarding a claim against him, he can secure it by moving for a more definite statement as provided for in Rule 12(e), U.R.C.P., or by demanding answers to interrogatories pursuant to Rule 33, U.R.C.P.

However, under the pleadings and affidavits filed in this case, I am convinced that the plaintiff is not entitled to recover, and so I concur in reversing the trial court.

2. Heathman v. Fabian & Clendenin, 14 Utah 2d 60, 62, 377 P.2d 189 (1962).