H. Lawrence BARBER and Dorothy L. Barber, his wife, Plaintiffs and Respondents,

v.

Robert V. CALDER and Helen B. Calder, his wife, Defendants and Appellants.

No. 13572.

Supreme Court of Utah.

May 21, 1974.

---

George W. Preston, Preston, Harris, Harris & Preston, Logan, for defendants and appellants.

Don E. Olsen, Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Defendants seek reversal of the order of the district court refusing to set aside a default judgment entered against them for specific performance of a contract to convey to the plaintiffs a small tract of real property along the west shore of Bear Lake in Rich County. Their contention is that the court abused its discretion in refusing to vacate the judgment and allow them a hearing on the merits.

The action was commenced January 18, 1973 in which plaintiffs tendered the remaining $8,200 of the $8,500 purchase price and demanded conveyance by the defend-

ants. Summons was served by the sheriff of Moffatt County, Colorado, at the defendants' home in Craig. Defendants' son, Robert G. Calder (not an attorney of record in Utah) prepared an answer for his parents, which each signed; and which was duly served and filed in this action. Thereafter, on February 20, 1973, plaintiffs' counsel served Interrogatories and Requests for Admissions on Robert G. Calder and on the defendants individually. They did not respond to either. After a month and a half had elapsed, on April 4, 1973, the plaintiffs served upon each of the said parties a motion that the court order the defendants to answer the Interrogatories within ten days, or upon failure to do so, that their pleadings be stricken and judgment taken by default.

The defendants not having responded, the court made a memorandum decision on April 23, 1973, granting the plaintiffs' motion; and on May 1, 1973, signed and filed a formal order to that effect. The court's findings recite that the defendants were duly served with a copy on or about May 3.

The order was not complied with, and on June 5, 1973, the court granted the plaintiffs' motion to strike defendants' answer and enter their default. It was after receiving this latter order that defendants retained their present counsel, and on June 21, 1973, filed a Petition to Set Aside the Order of June 5, and for leave to file Answers to the Interrogatories submitted by plaintiffs and leave to file an Amended Answer. Upon consideration of that motion and authorities submitted in support thereof, the district court refused to relieve the defendants of default and entered the judgment against them.

It is true as defendants assert that this court has on numerous occasions declared as a matter of general policy that whenever the interests of justice and fair play will be served thereby, the trial court should exercise its discretion liberally in favor of giving the parties an opportunity

**702**

for a hearing on the merits of a case.[1] However, discretion is not a one way street. As is sometimes said: No pancake can be fried so thin that it does not have two sides. Both parties have rights which it is the responsibility of the trial court to protect. In situations where the exercise of discretion is appropriate, considerable weight should be given to the determination of the trial court, whichever way it goes.[2] This is true because due to his close involvement with the parties, the witnesses, and the total circumstances of the case, he is in the best position to judge what the interests of justice require in safeguarding the rights and interests of all parties concerned.[3]

 Defendants make this further argument: that the granting of the plaintiffs' motion to "strike their answer" and enter their default removed their appearance from the case; and that inasmuch as they are residents of Colorado and were served there, the court was without jurisdiction to render an in personam judgment against them. We do not agree. The filing of their answer constituted a general appearance.[4] Thereafter they were in court to be dealt with the same as any other party in the case. One may wonder why their answer was stricken, rather than simply entering their default. Nevertheless, after they were in court the application of a procedural sanction provided for in the rules [5] does not divest it of jurisdiction.

The judgment is affirmed. Costs to plaintiffs (respondents).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

1. E. g., Utah Com. Sav. Bank v. Trumbo, 17 Utah 198, 53 P. 1033; Locke v. Peterson, 3 Utah 2d 415, 285 P.2d 1111.

2. Heathman v. Fabian, etc., 14 Utah 2d 60, 377 P.2d 189.

3. See Wright and Miller, Federal Practice and Procedure, Sec. 2693.

4. That an appearance by the defendant for any purpose except a special appearance to object to jurisdiction over his person constitutes a general appearance, see 6 C.J.S. § 12(f), p. 23; 6 C.J.S. § 13, p. 42; in accord, J. B. Colt Co. v. District Court, 72 Utah 281, 269 P. 1017; Cooke v. Cooke, 67 Utah 371, 248 P. 83, 106–107; Goodwine v. Superior Court, 63 Cal.2d 481, 47 Cal. Rptr. 201, 407 P.2d 1; and see comment of Ellett, Justice, in dissent in Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390.

5. Rule 37(b)(2)(C) provides that for failure to comply with order in discovery that the court may make: "An order striking out pleadings or parts thereof, . . . *or* rendering a judgment by default against the disobedient party; ".