**MIDWEST REALTY, a Utah Corporation, Plaintiff and Respondent,**

v.

**CITY OF WEST JORDAN, Defendant and Appellant.**

No. 13874.

Supreme Court of Utah.

Oct. 29, 1975.

Nick J. Colessides, Nemelka & Colessides, Salt Lake City, for defendant and appellant.

Elliott Lee Pratt, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

Plaintiff initiated these proceedings seeking to recover the sum of $20,134.35 due under a contract entered into by the parties. At the conclusion of a trial to the court, judgment was entered for the plaintiff, and the defendant appeals.

The trial court found the facts after the trial substantially as follows: The plaintiff, Midwest Realty, in 1970, undertook to develop two subdivisions referred to as Western Hills Subdivisions Nos. 1 and 2, on 7800 South at approximately 3200 West, in the city of West Jordan. The city's sanitary sewer terminated at a point to the east of the subdivisions, and in order to provide adequate sewer service it was necessary to extend the main sewer line from 3200 West Street westerly along 7800 South to the subdivisions. In August 1970, the plaintiff and the city negotiated a pay back agreement the terms of which pro-

vided that plaintiff would pay the costs of the sewer installation, and the city would repay the plaintiff at the rate of $1.50 per home per month for each of the homes built in the subdivisions. The city charged a service fee in the sum of $3.50 per home per month. The plaintiff procured three bids on bid forms furnished by the city's engineers with the consent of the city. One of the three bids was accepted after consulting with the city and the sewer system was completed to serve the subdivisions.

The pay back agreement, its terms and provisions were set forth in minutes of various meetings of the city council. During the year 1970 and continuing through 1972, the city council met and confirmed by unanimous vote the existence of the pay back agreement which provided that payments would be made at the rate of $1.50 per month for each home in the subdivisions and for a period of seven years. On March 1, 1973, the city informed the plaintiff that it would not be bound by the pay back agreement. On May 17, 1973, the plaintiff filed a verified claim with the city, and thereafter these proceedings ensued.

The trial court concluded that there was a contract entered into between the plaintiff and the city and that the plaintiff was entitled to a judgment confirming the existence and validity of the agreement.

■■ The defendant city is here seeking a reversal and claims that the contract is void in that Section 10–7–20, Utah Code Annotated 1953, was not complied with. That section of the statutes deals with the letting of contracts for city improvements after the giving of notice and calling for bids. The wording of that statute places the responsibility upon the city to comply with its terms. While there was a bidding process in the instant case it probably did not comply strictly with the statute; however, the improvement here under consideration has been completed and the city cannot escape payment by taking advantage of

its own errors. In view of prior decisions of this court that statute does not apply inasmuch as the improvement is to be paid for exclusively out of the proceeds derived from the improvement.[1]

 Defendant further contends that the provisions of Section 10–10–61, Utah Code Annotated 1953, were not complied with in that the city recorder did not countersign the agreement. For the reason above stated, the improvement having been completed, the failure by the recorder to comply with that statute cannot be made a basis to defeat the plaintiff's claim. To give the meaning to that statute as contended for by defendant would permit the city recorder to nullify appropriate actions by the city council by a neglect of duty.

The defendant further contends that the contract is in violation of Section 25–5–4(1) Statute of Frauds. This defense was not specifically pleaded as required by the rules, and in any event there was a sufficient memorandum of the agreement contained in the minutes of the city council, and the court below so found. Defendant by its answer attempted to raise other affirmative defenses but failed to set forth in any particularity the nature of those defenses. The defendant's answer in that regard failed to meet the standard as set forth in Rule 8(c) Utah Rules of Civil Procedure.[2] Even though not pleaded the defendant claims that the contract, if one existed, is barred by the provisions of Sections 63–30–13 and 10–7–77, Utah Code Annotated 1953. These contentions were before the trial court and that court found from the evidence that those sections of the statutes have been complied with. With that finding we agree.

We have carefully examined and considered all of the assignments of error asserted by the defendant in its appeal, and we conclude that we find no reversible error in the record, and the judgment of the trial court is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

---

1. *Barnes v. Lehi City,* 74 Utah 321, 279 P. 878; *Utah Power & Light Co. v. Provo City,* 94 Utah 203, 74 P.2d 1191.

2. Rule 8(c), Utah Rules of Civil Procedure; *Utah Steel & Iron Co. v. Bosch,* 25 Utah 2d 85, 475 P.2d 1019.